## S92A0608. SINKFIELD v. THE STATE.
### (422 SE2d 851)

BELL, Presiding Justice.

Appellant Hilliard Sinkfield, Jr., was convicted and sentenced for the felony murder of Sandra Hudson (with aggravated assault of Hudson as the predicate felony); aggravated assault of her father, Jack Gilbert Maddox; and possession of a firearm during the commission of a crime.[1] We affirm the convictions for the aggravated assault of Maddox and possession of a firearm, but pursuant to *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992), we reverse the felony murder conviction and remand this case for appellant to be resentenced for voluntary manslaughter.

1. In *Edge* this Court held that "where the jury renders a verdict for voluntary manslaughter, it cannot also find felony murder based on the same underlying aggravated assault." *Edge*, supra, 261 Ga. at 865 (2). We ruled that

> [b]ecause the jury in this case convicted the defendant of both voluntary manslaughter and felony murder, it must be assumed the jurors found the underlying aggravated assault

---

[1] The crimes occurred on May 9, 1991. The verdict and sentences were filed on October 17, 1991. On October 31, 1991, appellant moved for a new trial, and on January 13, 1992, the motion was denied. The notice of appeal was filed February 6, 1992, and the record was docketed in this Court on February 21, 1992. On April 3, 1992, the appeal was submitted for decision on briefs.

> to be the product of provocation and passion. Thus, only the voluntary manslaughter conviction may stand. The felony murder conviction is, accordingly, reversed. [Id. at 868.]

In the present case, the crimes against Hudson for which appellant was indicted were malice murder, felony murder, and aggravated assault. The jury convicted appellant of voluntary manslaughter in lieu of malice murder, and also convicted him of felony murder and aggravated assault. The trial court merged the voluntary manslaughter and aggravated assault convictions with the felony murder conviction, and sentenced appellant for felony murder. Appellant contends that under *Edge* he should be sentenced for voluntary manslaughter rather than felony murder. The state concedes this point, and requests that we reverse the conviction for felony murder and remand for resentencing for voluntary manslaughter.

Because the facts of this case fall within the rule of *Edge,* and because (as we find below) the evidence in support of the verdict of voluntary manslaughter meets the test of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we reverse appellant's conviction for felony murder and remand this case to the superior court, where appellant will be resentenced for voluntary manslaughter in place of felony murder.

2. The next question we address is whether the evidence of the voluntary manslaughter of Hudson, the aggravated assault of Maddox, and possession of a firearm by a convicted felon was sufficient to meet the standard of *Jackson v. Virginia.* There was evidence that Hudson lived in a house with her parents, and that appellant worked at the house as a handyman. Members of Hudson's family testified that appellant and Hudson (who was married to someone else) were just friends, but appellant testified that they were lovers. On May 9, 1991, appellant went to Hudson's house, where he killed her by shooting her with a pistol four times at close range. Maddox, who was in the house at the time of the killing, testified that appellant then shot him and beat him in the head with a pistol after telling him that he was going to kill him in order to keep him from telling who did it. Appellant fled the scene of the shootings, took measures to conceal himself, and waited several days before turning himself in to police.

Appellant claimed that he shot Hudson in self-defense. He testified that he went to Hudson's house and asked her to give him a videotape of them having sex, which he said she was using to blackmail him (no such videotape was produced at trial). He said that she responded to his request by threatening him with a pistol. According to him, they struggled over her gun and he defended himself by shooting her with a pistol he had brought with him. He denied Maddox's version of how Maddox was shot, claiming that he had acciden-

tally shot Maddox while firing at Hudson.

Construing the evidence most favorably to the verdict, we find that the evidence was sufficient to authorize the jury to reject appellant's justification defense and to convict him of the voluntary manslaughter of Hudson, the aggravated assault of Maddox, and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, supra.

*Judgment affirmed in part, reversed in part, and remanded for resentencing in part. Clarke, C. J., Bell, P. J., Hunt, Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED NOVEMBER 23, 1992.

*John H. Tarpley, Sr.*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Gregory A. Adams, J. George Guise, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General*, for appellee.