A92A1809. RICH v. THE STATE.
(427 SE2d 796)

BLACKBURN, Judge.

Raymond Dale Rich was convicted by a jury of three counts of sodomy of his fourteen-year-old nephew (hereinafter, "the nephew"), and thereafter was convicted by the trial court of one count of recidivism, OCGA § 17-10-7 (b). He appeals from the denial of his motion for new trial.

Rich was convicted of one count of anally sodomizing his nephew, one count of being anally sodomized by his nephew, and one count of orally sodomizing his nephew. According to the nephew, these acts of sodomy occurred during a single incident on a weekend when the nephew was staying with his mother at her mobile home.

The nephew is mentally retarded and suffers from epilepsy, and according to his father he takes medication for the epilepsy "[p]robably in the range of sixteen to eighteen pills a day"; however, no competency issue was raised by Rich. The nephew's father and mother were divorced at the time of the subject incident, the mother having originally received custody of him at the time of the divorce, and custody having been changed to the father thereafter. The nephew lived with his father and Rich lived with the nephew's mother (Rich's sister), in her mobile home. According to the nephew, Rich committed the three acts of sodomy in the bedroom and bathroom while the nephew's mother slept on the couch. The nephew testified that Rich "put his dick in my mouth," and "then he put it up my butt." The nephew described the incident to his father later that same weekend, on Sunday, July 21, 1991, and was taken to a hospital that day. At the hospital the nephew was interviewed by Jerry Smith, an investigator with the Whitfield County Sheriff's Department. Smith testified that "Jeremy said that Dale put his 'narc' up his butt and the [sic] Jeremy had put his 'narc' up Dale's butt, and he calls the penis his 'narc.'. . . Jeremy went on to state that 'He pushed it up inside me with his hand.' He also said Dale also put his 'narc' in his mouth and told him not to tell his daddy." The examining physician testified that as a part of his medical history, the nephew told him that Rich had anally and orally sodomized him and that he had orally sodomized Rich. The physician further testified that his examination showed that the nephew had "fairly fresh" rectal fissures which in his opinion were consistent with some object having penetrated the anus from the outside "with some force" within 24 hours of the examination.

Before trial Rich had agreed to take a polygraph test, and that the results of same would be admissible upon the trial of the case. The polygraph examiner testified without objection that in his opinion, during the test Rich had given deceptive answers in response to questions about the incident. The nephew's mother testified as a defense witness that although she was asleep at the time of the alleged incident, she had not noticed anything suspicious going on between Rich and the nephew. Rich testified at trial, and denied ever having engaged in sodomy with his nephew. After the jury returned its verdict finding Rich guilty of three counts of sodomy, the State introduced evidence that Rich had prior felony convictions, and the court then found Rich guilty on the recidivism count.

In his sole enumeration of error Rich contends that the trial court erred by denying his motion for new trial, arguing that the evidence was insufficient to support his conviction of the three acts of sodomy. One of his complaints in this regard is that the nephew's testimony lacked specific details about the subject incident. In view of the nephew's testimony that "[h]e put his dick in my mouth" and other similar testimony, this contention is without merit.

Rich further complains that the nephew's credibility is suspect because none of the witnesses testified that the nephew had told them of the ten previous incidents in which Rich had sodomized him. Rich elicited testimony from the nephew, on cross-examination, that Rich had engaged in sodomy with him on approximately ten previous occasions and that he had not told his father or the investigating officer of such incidents. There was no further testimony or evidence concerning these prior incidents. A motion in limine by the State as to the past sexual conduct of the nephew had been consented to by Rich and granted by the court, but Rich was free under the terms of the order to show that he had been previously falsely accused of similar crimes by the nephew, which he failed to do.

Rich also urges that the nephew's mental retardation should be taken into account in evaluating the nephew's testimony. Rich further argues that, given the small size and the configuration of the mobile home, it is unlikely that the acts of sodomy would not have awakened the nephew's mother. However, these questions pertain to the credibility of the witnesses and the weight to be accorded their testimony, which are matters in the sole province of the jury. *Horne v. State*, 204 Ga. App. 81, 82 (2) (418 SE2d 441) (1992); *Brown v. State*, 192 Ga. App. 864, 865 (1) (386 SE2d 734) (1989).

We hold that, construing the evidence in the light most favorable to the verdict, the evidence was sufficient to enable a rational trier of fact to find Rich guilty beyond a reasonable doubt of the three acts of sodomy. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 1, 1993 —
RECONSIDERATION DENIED FEBRUARY 15, 1993.

*J. Tracy Ward*, for appellant.
*Jack O. Partain III, District Attorney, David W. McLeod, Assistant District Attorney*, for appellee.