A98A0210. CASEY v. THE STATE.
(500 SE2d 613)

Judge Harold R. Banke.

Leo Casey was convicted of child molestation. In his sole enumeration of error, he challenges the sufficiency of the evidence of venue.

This case arose after Casey moved in with the victim's mother, ostensibly to protect her from her ex-husband. The victim, a 14-year-old intellectually disabled girl, testified that while she, her mother, her brother, and Casey were living in a house by a church, Casey touched her private areas on her top and bottom and had sex with her more than once. She also testified that Casey threatened to kill her family and kidnap her if she told anyone. The victim conveyed her claims of sexual abuse to an investigator for the Department of Family & Children Services, her school psychologist, a police officer, and her physician, each of whom testified at trial. *Held*:

Generally, criminal cases must be tried in the county in which the crime occurred. *Nihart v. State*, 227 Ga. App. 272, 278 (2) (488 SE2d 740) (1997). Casey maintains that the evidence was insufficient to establish venue because the victim gave conflicting testimony on when the offense occurred. The victim, who had the mental age of a seven-and-a-half-year-old, claimed the offense occurred while she lived in a house by a church located in the county where the trial was held. Although she told her doctor she had sex with Casey six to eight months prior to her April 1996 exam, Casey and her family moved from that house to Florida before that time.

The indictment alleged that the crime occurred between April 15, 1995 and July 31, 1995. According to the investigating officer, the move occurred in July 1995. The victim's mother testified that Casey came to live with her in the house just down from the church in May or June 1995 and she married Casey in August 1995, after the move to Florida. She further testified that she awoke one night at that house to find the nude Casey and her daughter in bed with her, apparently engaged in foreplay. This evidence is sufficient to create a jury question on the venue issue, notwithstanding the doctor's testimony about the victim's statement on when the crime occurred. See *McNeese v. State*, 170 Ga. App. 118 (1) (316 SE2d 564) (1984) (venue is a jury question). The jury was entitled to make allowances for the victim's intellectual deficiency in relation to her statements to the doctor. See *Campbell v. State*, 223 Ga. App. 484 (1) (477 SE2d 905) (1996); see also *Rich v. State*, 207 Ga. App. 343, 345 (427 SE2d 796) (1993). Thus, we must conclude that the evidence, viewed in the light most favorable to the verdict, was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the crime occurred in the county where Casey was indicted. *DeVine v. State*, 229 Ga. App. 346, 349 (1) (494 SE2d 87) (1997) (at criminal trial, when evidence of venue is conflicting, it must be proved beyond a reasonable doubt); see *Hall v. State*, 226 Ga. App. 298 (1) (485 SE2d 800) (1997).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 30, 1998.

*Billy M. Grantham*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.