## A02A0771. GREEN v. THE STATE.
### (562 SE2d 835)

JOHNSON, Presiding Judge.

James Green appeals from his conviction of possession of a firearm by a convicted felon. His sole enumeration of error on appeal is that the evidence was insufficient to prove beyond a reasonable doubt that venue was properly laid in DeKalb County. Because we find the evidence was sufficient to prove venue, we affirm Green's conviction.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that Green placed a gun to his girlfriend's head and threatened to kill her and take his own life after she tried to terminate their relationship. Green claims there was insufficient evidence to prove that this act was done in DeKalb County. However, the record shows that Green's girlfriend testified that she fell asleep in Green's car, and when she woke up, they were "at a wooded area in DeKalb County." When asked if she was sure the wooded area was in DeKalb County, the victim responded, "Yes." She then described the wooded area, including the surrounding construction and a fence. She testified unequivocally that Green's actions occurred on Waldrop Road in DeKalb County.

In addition, a DeKalb police detective testified that he interviewed the victim, who told him what happened and took him to the

---

incident location on Waldrop Road. The detective testified unequivocally, "[i]t's in DeKalb County, Georgia." The detective further confirmed the victim's statements describing the wooded area, the fence, the highway, and the dirt road.

Venue is a jurisdictional fact, an essential element in proving that the accused is guilty of the crime charged, and must be proven beyond a reasonable doubt.[1] In the present case, venue was proven beyond a reasonable doubt through the testimony of the victim and the police detective.[2] Green argues that the victim's testimony regarding venue is incredulous because she was asleep when they arrived at the location. However, since venue is a question for the jury, its decision will not be set aside if there is any evidence to support it.[3] The credibility of a witness, even on the issue of venue, is for the jury to determine.[4] Moreover, the detective's testimony confirming that the location was in DeKalb County was sufficient to prove venue beyond a reasonable doubt.[5] As there is proof of venue in DeKalb County, Green's enumeration of error is without merit.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED MARCH 27, 2002.

*Ruth L. Rocker, Laila A. Washington,* for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney,* for appellee.

[1] *Turner v. State,* 273 Ga. 340, 343 (3) (541 SE2d 641) (2001).
[2] See *Rogers v. State,* 247 Ga. App. 219, 221 (2) (543 SE2d 81) (2000).
[3] *White v. State,* 193 Ga. App. 428, 429 (1) (387 SE2d 921) (1989).
[4] See *Casey v. State,* 231 Ga. App. 701, 702 (500 SE2d 613) (1998).
[5] See *Dandy v. State,* 238 Ga. App. 435 (1) (518 SE2d 907) (1999).