A02A1374. DOWNS v. THE STATE.
(572 SE2d 54)

BARNES, Judge.

Lemual Downs appeals his conviction for molesting his then four-year-old daughter. He contends the trial court gave an erroneous

jury charge on venue and the evidence on venue was not sufficient for a rational trier of fact to conclude beyond a reasonable doubt that venue was in Fayette County. Downs also contends the trial court erred by denying his motion for mistrial because the State violated the requirements of OCGA § 17-16-1, the reciprocal discovery procedures, by not advising him of an oral statement his daughter made to the police officer investigating the case. Finding no error, we affirm.

Viewed most favorably in support of the verdict, the evidence shows that Downs, his wife, and his daughter ("M. D.") lived in an apartment in Fayette County in February and March 1997. When they left Fayette County, they lived with his family in Fairburn, Georgia, until May 1997, when they separated.

During the trial, M. D. described the room where she was molested, including how the room was arranged and where the bed was located. According to a statement M. D.'s mother gave to a police investigator, this description matched the bedroom in the family's apartment in Fayette County.

Subsequently, however, the mother testified that she did not remember telling the investigator that the description matched. To the best of her current recollection, M. D.'s description of the room where she was molested did not match the couple's bedroom in Fayette County, but it could describe a roommate's bedroom in the Fayette County apartment. The mother testified that the investigator also told her that "this had to have happened at [the Fayette County apartment], because it had to be tried in Fayette County."

1. In this State,

> [o]ur Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. Proof of venue is a part of the State's case, and the State's failure to prove venue beyond a reasonable doubt renders the verdict contrary to law, without a sufficient evidentiary basis, and warrants reversal.

(Punctuation and footnotes omitted.) *Jones v. State*, 272 Ga. 900, 901-902 (2) (537 SE2d 80) (2000). Further, the State's

> burden never shifts to the defendant to disprove venue, as it is axiomatic that the evidentiary burden in a criminal prosecution is upon the State to prove every material allegation of the indictment and every essential element of the crime

charged beyond a reasonable doubt. The State may establish venue by whatever means of proof are available to it, and it may use both direct and circumstantial evidence. It must, however, come forth in all criminal prosecutions with evidence to show beyond a reasonable doubt that venue is properly laid.

(Punctuation and footnote omitted.) Id. at 902-903 (2). As venue is a question for the jury, the jury's decision will not be set aside if any evidence supports it. Credibility of witnesses, even on venue, is for the jury to determine. *Green v. State*, 254 Ga. App. 549, 550 (562 SE2d 835) (2002).

We find the investigator's testimony repeating M. D.'s description of the room and the mother's statement to the investigator that this description matched the family's bedroom in Fayette County was sufficient evidence to support the jury's determination. *Green*, supra, 254 Ga. App. at 550. Further, although Downs complains that the investigator's testimony about the mother's statement was hearsay, this statement was given before her testimony denying that the description matched their Fayette County bedroom. Consequently, the prior inconsistent statement of M. D.'s mother was admissible as substantive evidence. *Gibbons v. State*, 248 Ga. 858, 864 (286 SE2d 717) (1982).

2. Downs' allegation regarding the trial court's charge to the jury on venue is also without merit. The charge given instructed the jury that, "[i]f in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." Although he contends this instruction misstated the evidentiary burden on the State, the charge given recites, verbatim, OCGA § 17-2-2 (h): "*Crime in more than one county*. If in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed." As our Supreme Court has already rejected an attack on OCGA § 17-2-2 (c), which applies in homicide cases and contains much the same language as OCGA § 17-2-2 (h), we find no error. See *Turner v. State*, 273 Ga. 340, 343-344 (3) (541 SE2d 641) (2001).

3. Downs further contends the trial court erred by denying his motion for a mistrial based on the State's failure to comply with the requirements of OCGA § 17-16-4. He alleges that he opted to have reciprocal discovery apply in the case, and that his counsel had several conversations with the prosecutor about witnesses and the evidence to be presented, but that the prosecutor never informed him

that the victim had made a statement to the investigator incriminating her father. In addition, he argues that the police report, which was provided to the defense counsel, did not indicate that the child made such a statement. The prosecutor, however, was aware of the child's statement.

Before the General Assembly passed the Criminal Procedure Discovery Act, OCGA § 17-16-1 et seq. ("Act"), no comprehensive Georgia statute or rule of law governing discovery in criminal cases existed in this State. The Act,

> which applies only to those cases in which the defendant elects by written notice to have it apply, broadens discovery in felony cases by imposing corresponding discovery obligations upon both the defendant and the State. For example, the Act requires the State and the defendant to disclose, inter alia, the identities and addresses of all persons they intend to call as witnesses at trial, OCGA § 17-16-8, *relevant written or recorded statements of all witnesses*, OCGA §§ 17-16-4 (a) (1), 17-16-7, and scientific reports, physical or mental reports, and other evidence intended for use at trial or evidence obtained from or that belongs to the defendant regardless of whether the State intends to use such evidence at trial. OCGA § 17-16-4 (a), (b). The Act also codifies *Walraven v. State*, 250 Ga. 401 (297 SE2d 278) (1982), by providing for discovery of a custodial statement and the new requirement that witness statements be provided to the opposing party, OCGA § 17-16-7, as well as notice of an intent to offer an alibi defense and a list of witnesses to be offered to rebut the defense of alibi. See OCGA § 17-16-5 (a) and (b). These provisions reveal that the Act provides a comprehensive scheme of reciprocal discovery in criminal felony cases.

(Emphasis supplied.) *State v. Lucious*, 271 Ga. 361, 362 (1) (518 SE2d 677) (1999). Therefore, with exceptions not relevant here, see id. at 365-366, Downs' right to be informed of the oral statement given to the investigator by M. D. must be found in the Act. Id.

The section of the Act relevant to disclosure of witness statements is found in OCGA § 17-16-7:

> No later than ten days prior to trial or at such time as the court permits, or at the time of any post-indictment pretrial evidentiary hearing other than a bond hearing, the prosecution or the defendant shall produce for the opposing party *any statement of any witness that is in the possession, cus-*

*tody, or control* of the state or prosecution or in the possession, custody, or control of the defendant or the defendant's counsel that relates to the subject matter concerning the testimony of the witness that the party in possession, custody, or control of the statement intends to call as a witness at trial or at such post-indictment pretrial evidentiary hearing.

(Emphasis supplied.) Under the plain terms of the Act, Downs was not entitled to M. D.'s oral, unrecorded statement.

There can be no "possession, custody, or control" of a witness' statement which has neither been recorded nor committed to writing. OCGA § 17-16-1 (1). Accordingly, if, but only if, the eyewitness' statement had been recorded or committed to writing other than in "notes or summaries made by counsel," it would be discoverable. OCGA § 17-16-1 (2) (C).

*Forehand v. State*, 267 Ga. 254, 255-256 (3) (477 SE2d 560) (1996). Accordingly, as Downs was not entitled to the oral statement, the trial court did not err by denying his motion for a mistrial.

*Judgment affirmed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

DECIDED OCTOBER 2, 2002.

*Stephen T. Smith*, for appellant.

*William T. McBroom III, District Attorney, Damon L. Sanderson, James E. Hardin, Assistant District Attorneys*, for appellee.