## A03A1520. CAMERON v. THE STATE.
### (585 SE2d 209)

JOHNSON, Presiding Judge.

Ralph Dennis Cameron was charged with the offenses of murder and criminal trespass relating to a shooting and death which occurred in a tavern. At the conclusion of the first trial, a mistrial was ordered because of a hung jury. Upon retrial, the jury found Cameron guilty of the lesser included offense of voluntary manslaughter and acquitted him of criminal trespass. Cameron appeals, alleging the evidence was insufficient to convict him of voluntary manslaughter and the trial court erred in denying his motion for new trial because he was denied his constitutional right to due process. We find no error and affirm Cameron's conviction.

1. Viewed in a light most favorable to support the jury's verdict, the evidence shows that Christopher Goode, the victim, Che Goguen, and two other individuals were at a bar for a darts tournament. During that evening, Cameron entered the bar and exchanged words with Goguen. Cameron pulled a knife, and the two struggled over the knife. Cameron then pulled out a handgun and pointed it at Goguen. Goguen and one of the other participants ran out the front door. During this time, Goode disabled Cameron by hitting him over the head with a glass jar. Goode then informed Goguen and the other man who had left the bar that it was safe to come back inside. These three men

gathered Cameron's belongings, keeping his knife and gun inside the bar, and put Cameron outside with instructions to leave.

Goode and another man unloaded the bullets in Cameron's handgun. A short time later, Cameron returned with an assault rifle and pointed it at the four occupants in the bar. Fearing for their lives, the group fled to a small kitchen located behind the bar. There was no telephone in the kitchen and only one way out. Cameron sat at the bar with the rifle pointed toward the only opening to the kitchen and demanded a beer. Cameron then demanded to see that "son of a bitch that hit me." Goode stepped into the doorway, and Cameron shot him in the leg. Goode then grabbed a kitchen knife, lunged at Cameron and darted back into the kitchen. When Goode ran in front of the door again, Cameron shot him in the stomach. One of the occupants managed to call 911 using a telephone behind the bar.

Upon arrival, the officers found Cameron sitting at the bar with a rifle pointed toward the kitchen, and arrested him. Cameron claimed he shot Goode in self-defense. According to Cameron, Goode was rolling on the floor with Cameron's handgun when Cameron shot him in the stomach. However, an agent with the Georgia Bureau of Investigation testified that the bullet holes in the kitchen area and Goode's injuries were consistent with a gun being fired at Goode's leg and waist area by someone sitting at the bar. The bullet holes and injuries were not consistent with someone shooting a prone figure on the floor behind the bar.

Cameron contests the sufficiency of the evidence, arguing that the state failed to disprove that he acted with justification. It is well established that a person is justified in using force intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person or to prevent the commission of a forcible felony.[1] Justification provides no defense, however, to a person who was the aggressor or who has engaged in combat by agreement, unless the person had effectively withdrawn from the encounter and the other person continued or threatened to continue to use unlawful force.[2]

On appeal, Cameron in effect asks us to reweigh the evidence to place greater credence in his justification defense than did the jury. However, this Court does not weigh the evidence or assess the credibility of witnesses; rather, we determine whether the evidence, viewed in a light most favorable to the verdict, was legally sufficient.[3]

---

[1] OCGA § 16-3-21 (a).
[2] OCGA § 16-3-21 (b) (3).
[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *O'Connor v. State*, 255 Ga. App. 893, 895 (1) (567 SE2d 29) (2002).

Here, the trial court charged the jury on the defense of justification, as well as the state's burden of proving the lack of justification beyond a reasonable doubt. And the record reveals ample evidence to authorize the jury to reject Cameron's justification defense and to find him guilty of voluntary manslaughter.[4]

2. Cameron contends he was denied his constitutional right to due process because the police never attempted to secure any exculpatory evidence. However, Cameron points to no case law supporting this argument. The only cases cited by Cameron involve situations where the state or its agencies destroyed or hid exculpatory evidence, which has not been alleged in this case.

Moreover, Cameron has failed to identify any potentially exculpatory evidence that was not investigated or developed by the state. Cameron merely speculates that there may have been exculpatory evidence that would have supported his claim of justification. "Mere speculation that there may be exculpatory information is insufficient."[5] This enumeration of error lacks merit.

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED JULY 11, 2003.

*Renate D. Moody*, for appellant.
*Howard Z. Simms, District Attorney, Dorothy A. Vinson, Assistant District Attorney*, for appellee.

---

[4] See *Sinkfield v. State*, 262 Ga. 555, 557 (2) (422 SE2d 851) (1992); *O'Connor*, supra.

[5] (Citation, punctuation and footnote omitted.) *Nikitin v. State*, 257 Ga. App. 852, 854 (1) (a) (572 SE2d 377) (2002).