## A09A1191. BRANFORD v. THE STATE.

(685 SE2d 731)

BARNES, Judge.

Dennis Branford appeals his conviction for voluntary manslaughter as a lesser included offense of malice murder, contending that the evidence was insufficient to sustain his conviction, that the State failed to prove venue, and that the trial court erred in charging the jury on voluntary manslaughter, instructing Branford on his right to testify, and failing to fully charge the jury on the issue of justification. We disagree and affirm.

1. Branford contends that the evidence was insufficient to convict him of voluntary manslaughter beyond a reasonable doubt. On appeal, we view the evidence in the light most favorable to the verdict, and Branford no longer enjoys the presumption of innocence. Furthermore, we neither weigh the evidence nor determine witness credibility but only determine the sufficiency of the evidence under the standard announced in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

Viewed in the light most favorable to the verdict, the evidence shows Branford and the victim got into an argument when the victim told Branford that he had sex with Branford's wife. Branford walked away, and the two called each other "sissy." The victim ran after Branford and hit him. Branford called the victim a "sissy" a second time, and the victim picked up a rock and hit Branford in the face, knocking him down. While Branford was on the ground, the victim beat him and stole Branford's watch. Branford left the scene, and came back with his hands in his pockets, concealing a screwdriver. The victim hit Branford with a stick, and then with a rake. As the victim went to hit Branford a second time with the rake, Branford caught the rake and stabbed the victim in the neck with the screwdriver. The victim ran off down the street, and Branford chased him until the victim collapsed onto the street and died. A witness heard Branford state, "I didn't go to do that."

"As long as there is some competent evidence . . . to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Stewart v. State*, 291 Ga. App. 846, 847 (663 SE2d 278) (2008). The elements of voluntary manslaughter are an intentional killing which was unlawful and prompted by

> a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person; however, if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, of which the jury in all cases shall be the judge, the killing shall be attributed to deliberate revenge and be punished as murder.

OCGA § 16-5-2 (a). Thus, after reviewing the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found Branford guilty of the crime for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, supra.

2. Branford argues that the trial court erred by giving the State's requested charge on voluntary manslaughter over his objection. A charge on voluntary manslaughter should be given where there is some slight evidence of voluntary manslaughter. *Washington v. State*, 249 Ga. 728, 730 (3) (292 SE2d 836) (1982).

Branford contends that the evidence warranted either a finding of murder or self-defense and nothing in between, but we disagree. The fact that Branford claimed self-defense did not preclude a charge on the lesser included crime of voluntary manslaughter. *Mullins v.*

*State*, 270 Ga. App. 271, 276 (4) (605 SE2d 913) (2004).

> Evidence of voluntary manslaughter may be found in a situation which arouses the sudden passion in the person killing so that, rather than defending himself, he wilfully kills the attacker, albeit without malice aforethought, when it was not necessary for him to do so in order to protect himself.

(Citations and punctuation omitted.) Id. A person is justified in using force only if he reasonably believes that it is necessary to prevent death or great bodily injury to himself. *Cameron v. State*, 262 Ga. App. 296, 297 (1) (585 SE2d 209) (2003). "Justification provides no defense, however . . . unless the person had effectively withdrawn from the encounter and the other person continued or threatened to continue to use unlawful force." Id. See OCGA § 16-3-21 (b) (3).

Branford has, in effect, asked us to re-weigh the evidence to give greater credence to his self-defense justification than did the jury. On appeal, we only determine whether the evidence was legally sufficient to authorize the jury to reject Branford's justification defense and to find him guilty of voluntary manslaughter. Accordingly, the trial court did not err in charging the jury on voluntary manslaughter as there was evidence to support the charge.

3. Branford maintains that his constitutional right to testify in his own defense was violated because the trial court directed him to listen to his attorney's advice rather than making his own decision. This assertion is without merit. "[W]hether or not to testify in one's own defense is considered a tactical decision to be made by the defendant himself after consultation with his trial counsel. . . ." (Citation omitted.) *Burton v. State*, 263 Ga. 725, 728 (6) (438 SE2d 83) (1994). Our review in this case shows that the trial court properly established that Branford knew he had the right to testify if he wanted to but elected not to after consulting with his attorney. Thus, Branford's constitutional right to testify in his own defense was not violated.

4. Branford also contends that the State failed to prove beyond a reasonable doubt that the crime for which he was convicted was committed in Fulton County. A criminal action must generally be tried in the county where the crime was committed. Ga. Const. 1983, Art. VI, Sec. II, Par. VI; OCGA § 17-2-2 (a). Venue is an essential element of a criminal charge and must be proved by the State beyond a reasonable doubt. *Starling v. State*, 242 Ga. App. 685 (530 SE2d 757) (2000). The State is permitted to establish it by both direct and circumstantial evidence. *Jones v. State*, 272 Ga. 900, 902-903 (3) (537 SE2d 80) (2000). On appeal, we determine whether the evidence was

sufficient to permit a rational trier of fact to find beyond a reasonable doubt that Branford was indicted and tried in the county in which the crime was committed. *Casey v. State*, 231 Ga. App. 701, 702 (500 SE2d 613) (1998).

In the present case, both the sole eyewitness and the responding police officer testified that the incident took place in the city of Atlanta, Fulton County. Branford concedes that the evidence showed the fight was instigated in Fulton County, but he contends that the State failed to establish that the victim died on a street located in Fulton County. But the officer testified he responded to a call that a person had been injured and he found the victim lying on the sidewalk around the 840 block of Dill Avenue, which was in Fulton County. This evidence is sufficient to establish venue beyond a reasonable doubt.

5. Branford further enumerates as error that the trial court failed to recharge the jury on the issue of justification in its entirety. Our review of the record reveals that after the trial court charged the jury on justification, among other issues, the jury deliberated and then asked the court to reread the definitions of aggravated assault, voluntary manslaughter, and justification. The trial court complied and defined those three concepts for the jury. Branford contends on appeal that the court committed harmful error in failing to recharge the entire suggested pattern jury charge on justification. "When a jury requests a recharge on a particular point, the trial court has the discretion to recharge in full or only as to the points requested." (Citations and punctuation omitted.) *McNeil v. State*, 284 Ga. 586, 589 (4) (669 SE2d 111) (2008).

> [O]ur review is limited to determining whether that discretion was abused, taking into account the sensitive nature of the judge's responsibility at this stage of the trial and the duty of the trial judge to provide impartial and effective guidance on the law for the jury to follow in its deliberations.

(Citation and punctuation omitted.) *Taylor v. State*, 169 Ga. App. 842, 844 (2) (315 SE2d 661) (1984). Furthermore, the Supreme Court of Georgia has held that on recharge, it is not necessary to "cover the subject in toto." *Creamer v. State*, 229 Ga. 704, 709 (4) (194 SE2d 73) (1972). Here, the jury asked the court to redefine justification, not to repeat the entire charge on justification. Branford does not contend that the trial court instructed the jury contrary to law in either the original charge or in the recharge given after the jury had begun its deliberations. After reviewing the recharge and the charge as a whole, we conclude that Branford was not prejudiced as a result and

the trial court did not abuse its discretion in recharging the jury on justification. *Creamer*, supra; *Taylor*, supra.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED AUGUST 31, 2009.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.