S11A1917. INGRAM v. THE STATE.
(722 SE2d 714)

CARLEY, Presiding Justice.

After a jury trial, Appellant Herman Ingram was found guilty of felony murder, aggravated assault, and possession of a knife during the commission of a felony. The trial court entered judgments of conviction and sentenced Appellant to life imprisonment for the murder count and five years to be served consecutively for the weapons offense. The aggravated assault count merged into the felony murder conviction. Appellant appeals after the denial of a motion for new trial.[*]

---

[*] The crimes occurred on July 2, 2006, and the grand jury returned the indictment on September 29, 2006. The jury found Appellant guilty on April 18, 2008, and on that same day, the trial court entered the judgments of conviction and sentences. The motion for new trial was filed on April 22, 2008, amended on March 18, 2010 and April 1, 2011, and denied on May 26, 2011. Appellant filed the notice of appeal on June 9, 2011. The case was docketed in this Court for the September 2011 term and submitted for decision on the briefs.

1. Construed most strongly in support of the verdicts, the evidence shows that on the night of July 2, 2006, Appellant attended a party in the basement of a friend's home. According to two eyewitnesses, Appellant, who was visibly intoxicated, repeatedly made insulting physical advances toward the victim, Gloria Cochran. When he refused to stop, Ms. Cochran slapped him in the face. In response, Appellant withdrew a knife from his right pocket and stabbed Ms. Cochran one time in the chest. Appellant appeared to be about to stab the victim again when guests intervened and subdued him. Ms. Cochran subsequently died from her injuries. The evidence was sufficient to authorize a rational trier of fact to find Appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During the jury trial, the jury asked during its deliberations, "If we find the defendant guilty of felony murder, do we have to find him not guilty of voluntary manslaughter?" The prosecution re-quested that the jury be told to make a decision based on the fact that the crimes are mutually exclusive. Defense counsel preferred no response, but requested that the trial court recharge the jury on voluntary manslaughter if an answer was to be given. After further consultation, the trial court stated to the jury that "[m]y answer to you is no, provided you have considered all of the charges as I have previously instructed you."

Subsequently, the jury returned the first verdict which found Appellant guilty of both felony murder and voluntary manslaughter. The trial court did not publish aloud to the prosecution or the defense the results of the first verdict. However, the trial court had the following conversation with the foreperson with both the pros-ecution and the defense present:

> The court: I see that you have answered the voluntary manslaughter count as well as the felony murder count.
>
> The foreperson: Yes, sir.
>
> The court: Your previous question to me gave me some sense of what the jury might be doing, but I'm a little uncertain as to whether or not you're finding him guilty of the lesser offense or the greater offense.
>
> The foreperson: We are — well, we were under the impres-sion if we found him guilty of the greater offense that it was kind of a cascade effect and that we could still find him guilty of the lesser offense. Perhaps that is incorrect.
>
> The court: Well, no. You certainly are authorized to find him guilty of the lesser or the greater. But . . .

The foreperson: Is it an either/or situation? If you find him guilty of the lesser . . .

The court: I'm not saying you're not authorized to do that, but I believe it would be.

The foreperson: That was what my question — perhaps I didn't word it properly, but that was what the intent of my question — that was the question of the jurors in the jury room. If we need to go back and deliberate, but that was our impression.

The court: Okay. Well, I'm going to ask you to go back to the jury room, and with the consideration of the last court's instruction . . . , your note was if we find the defendant guilty of felony murder, do we have to find him not guilty of voluntary manslaughter. And my answer to that was no. And I'm not in any way, shape, or form telling this jury how the verdict should read, because you're authorized to do anything you want to based upon what I have given you. But . . .

The foreperson: I think we can resolve the issue fairly quickly if you allow us to go back to the jury room for a couple of minutes.

Shortly thereafter, the jury came back with a second verdict finding Appellant not guilty of voluntary manslaughter and guilty of felony murder.

Appellant contends that the trial court committed reversible error when, after the jury delivered the first verdict finding him guilty of both voluntary manslaughter and felony murder, it instructed the jury to go back and re-deliberate without publishing the verdict to the defense and the prosecution. However, Appellant did not contemporaneously object to the first verdict not being published to counsel or request that the trial court publish it. "Generally, only those matters raised in the trial court may be considered on appeal. [Cit.]" *Payne v. State*, 273 Ga. 317, 319 (5) (540 SE2d 191) (2001).

Nonetheless, the trial court properly refused to accept the initial verdict finding Appellant guilty of both felony murder and voluntary manslaughter. In the present case, the same aggravated assault charge was both the predicate felony for the felony murder charge and the act underlying the voluntary manslaughter charge. " '[W]here the jury renders a verdict for voluntary manslaughter, it cannot also find felony murder based on the same underlying aggravated assault.' [Cit.]" *Sinkfield v. State*, 262 Ga. 555 (1) (422 SE2d 851) (1992). Therefore, under the facts of this case, the jury could not find Appellant guilty of both felony murder and voluntary manslaughter because, as charged, the crimes were subject to the

modified merger rule, and the first verdicts were therefore ambiguous. See *Edge v. State*, 261 Ga. 865-866 (2) (414 SE2d 463) (1992). "[W]hen an ambiguous . . . verdict is returned by a jury, the trial court 'may refuse to accept the verdict and require the jury to continue its deliberations.' [Cits.]" *Kennedy v. State*, 274 Ga. 396, 398 (5) (554 SE2d 178) (2001). See also *State v. Freeman*, 272 Ga. 813, 815 (2) (537 SE2d 92) (2000); *Dumas v. State*, 266 Ga. 797, 800 (2) (471 SE2d 508) (1996).

In *State v. Freeman*, 264 Ga. 276, 278 (444 SE2d 80) (1994), this Court stated "that the proper procedure henceforth is for the trial court and counsel to review the verdict prior to its publication in open court, and if the verdict is not proper . . . , the trial court should return the jury for further deliberation[s]. . . ." Appellant seizes on the fact that we stated that both the trial court and counsel should review the verdict prior to its publication to contend that the trial court in this case committed reversible error by not reviewing the verdict with counsel prior to returning the jury for further deliberations. Assuming that the trial court should have shown the first verdict to counsel, this assumed error does not demand a reversal as ultimately the defense has no right to insist that the court accept a return of ambiguous verdicts or to insist on a particular instruction. See *State v. Freeman*, 264 Ga. supra at 277 ("a trial court has a duty to insist on a legal verdict"); *Lee v. State*, 265 Ga. 112, 114 (3) (c) (454 SE2d 761) (1995) (" '(t)he need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court,' [cit.]"). Consequently, Appellant has failed to show that he has sustained any legal prejudice because the trial court at all times had the discretion to return the jury to the jury room for additional deliberations to clarify their verdict.

Appellant also contends that the trial court's instructions to the jury were confusing and asserts that the defense, if made aware of the first verdict, could have requested that the trial court recharge the jury on voluntary manslaughter and more fully explain how to consider felony murder and voluntary manslaughter. However, the trial court had already denied a request by Appellant to recharge the jury on voluntary manslaughter after the jury submitted its question, and the court's denial was within its discretion as it explicitly stated that it would address only the jury's specific question and the jury had not requested a recharge on voluntary manslaughter. See *Appling v. State*, 256 Ga. 36, 38 (2) (343 SE2d 684) (1986); *Williams v. State*, 249 Ga. 6, 9-10 (6) (287 SE2d 31) (1982). With respect to whether the trial court should have explained to the jurors that they could not find Appellant guilty of both felony murder and voluntary manslaughter, Appellant opposed the giving of this exact instruction to the jury before the first verdict was rendered. "A 'party cannot

complain of a judgment, order, or ruling that his own conduct produced or aided in causing.' [Cit.]" *Carnett's, Inc. v. Hammond*, 279 Ga. 125, 130 (6) (610 SE2d 529) (2005). In addition, Appellant's contention that the jury instructions insufficiently instructed the jury with regard to voluntary manslaughter must also fail as a review of the record shows that the trial court gave the exact jury charge that was requested by Appellant. Therefore, he cannot now complain that it was in error.

Finally, Appellant contends that the trial court, during its colloquy with the jury foreperson after the first verdict was rendered, intimated an opinion to the jury in violation of OCGA § 17-8-57 as to what the verdict should be. However, "[t]hat statute is violated only when the trial court's instruction, considered as a whole, 'assumes certain things as facts and intimates to the jury what the judge believes the evidence to be. (Cits.)' [Cit.]" *Parker v. State*, 276 Ga. 598, 600 (5) (581 SE2d 7) (2003). In the present case, the trial court did not intimate to the jury his opinion on any facts or any of the evidence. The trial court specifically admonished the jurors that they were "authorized to find [Appellant] guilty of the lesser or the greater" offense and that the court was "not in any way, shape, or form telling [them] how the verdict should read, because [they were] authorized to do anything [they] want to based upon what" the court had given them. "Because these comments were limited to a clarification of procedures and did not address the credibility of witnesses or any fact at issue in the trial, 'they do not constitute a basis for reversal.' [Cits.]" *Linson v. State*, 287 Ga. 881, 884 (2) (700 SE2d 394) (2010). See also *Wade v. State*, 258 Ga. 324, 331 (12) (368 SE2d 482) (1988) (holding that the trial court expressed no opinion by informing the jurors that their verdict was not proper and returning them to the jury room for further deliberations).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 6, 2012.

*Sheueli C. Wang*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Paige Reese Whitaker, Assistant District Attorneys, Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.