310 Ga. 853
FINAL COPY

S21A0244.  MIMS v. THE STATE.

PETERSON, Justice.

Nathan Mims appeals his convictions for murder and possession of a knife during the commission of a crime for stabbing his ex-girlfriend, Naty Ortiz-Ramos, to death.[1] His sole enumeration of error is that the evidence presented at his trial was insufficient to sustain his convictions because the evidence showed that he could not control himself and thus was not responsible for the killing. But the jury was not required to believe his explanation of Ortiz-Ramos's

---

[1] Mims killed Ortiz-Ramos in April 2014. On July 15, 2014, a Richmond County grand jury returned an indictment charging Mims with malice murder, felony murder, and possession of a knife during the commission of a crime. After a March 2016 trial, a jury found Mims guilty of all three counts. The trial court on March 18, 2016, sentenced Mims to life in prison without the possibility of parole for malice murder, plus a five-year concurrent sentence for the weapon charge; the felony murder count was vacated by operation of law. Mims filed a motion for new trial on April 19, 2016, and an amended motion on August 21, 2017.  Following a hearing, the trial court denied the motion in an order entered on March 6, 2019. Mims filed a timely notice of appeal on March 12, 2019, appellate counsel filed an amended notice of appeal on May 22, 2020, and the case was docketed to this Court's term beginning in December 2020 and submitted for a decision on the briefs.

killing; the evidence was sufficient to convict him, so we affirm.

The evidence taken in the light most favorable to the verdict showed the following. Mims physically and emotionally abused Ortiz-Ramos over the course of their relationship, which began in 2011. After Ortiz-Ramos broke up with Mims in March 2014, he threatened to kill her. On April 27, 2014, Mims visited Ortiz-Ramos in her Richmond County apartment. After falling asleep that night, Ortiz-Ramos's roommate awoke to Ortiz-Ramos's screams for help. The roommate found Ortiz-Ramos lying on the floor with Mims straddled on top of her, punching her in the face. Ortiz-Ramos was barely conscious, looked like a rag doll, and was moaning. The roommate retrieved a cell phone, called 911, and when she returned, saw Mims stabbing Ortiz-Ramos with a knife. Responding law enforcement officers were unable to resuscitate Ortiz-Ramos. She had been stabbed 37 times, including one stab that punctured the front of her heart, and one that punctured her left lung. Mims, who was still at Ortiz-Ramos's apartment when sheriff's deputies arrived, admitted stabbing her and acknowledged that he did not

need to stab her to defend himself, that he continued to hit and stab her even after she was incapacitated, that Ortiz-Ramos's roommate and children asked him to stop, and that he could have and should have left. At trial, Mims testified that on the night Ortiz-Ramos died, she "went into a rage" and came at him with a knife. He claimed that he "panicked" and "went into an unconscious state of fear" and that he did not stab her intentionally but rather out of "instinct" and "panic" and because he feared for his life.

Mims's sole enumeration of error is that the evidence was insufficient to convict him. In support of that claim, he relies on his testimony that he was not in control of his actions when he beat and stabbed Ortiz-Ramos to death. He contends that he should not stand convicted for a crime that he could not stop himself from committing.[2]

---

[2] Mims makes a passing argument that his convictions should be vacated and the matter remanded "for a new competency evaluation and, if appropriate thereafter, a new trial." But Mims did not list the competency issue as an enumeration of error, and he may not make arguments to expand his sole enumeration of error related to the sufficiency of the evidence. See *Wallace v. State*, 303 Ga. 34, 37-38 (2) (810 SE2d 93) (2018) ("[A]n appealing party may

We evaluate the sufficiency of evidence as a matter of federal due process under the Fourteenth Amendment to the United States Constitution by determining whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979). In conducting that evaluation, "[i]t is not the job of this Court to weigh the evidence on appeal or resolve conflicts in trial testimony but rather to examine the evidence in the light most favorable to the verdict[.]" *Browder v. State*, 294 Ga. 188, 191 (1) (751 SE2d 354) (2013) (citation and punctuation omitted).

A rational trier of fact could have rejected Mims's assertion that he was not in control of his own actions, as well as any associated claims that he was acting in self-defense or with an irresistible passion resulting from serious provocation. See *Corley v. State*, 308 Ga. 321, 322 (1) (a) (840 SE2d 391) (2020) ("[Q]uestions

---

not use its brief to expand its enumeration of errors by arguing the incorrectness of a trial court ruling not mentioned in the enumeration of errors." (citation and punctuation omitted)). Moreover, Mims offers no support — factual or legal — for his suggestion that he should receive another competency evaluation.

4

about the existence of justification are for a jury to decide[.]");

*Anderson v. State*, 248 Ga. 682, 683 (3) (285 SE2d 533) (1982)

("Whether or not a provocation, if any, is such a serious provocation as would be sufficient to excite a sudden, violent, and irresistible passion in a reasonable person, reducing the offense from murder to manslaughter, is generally a question for the jury.").[3] And the defendant's testimony, in which he claimed he was justified or provoked into acting, may itself be considered substantive evidence of guilt when disbelieved by the jury, as long as some corroborative evidence exists for the charged offense. See *Daughtie v. State*, 297 Ga. 261, 263-264 (2) (773 SE2d 263) (2015). Mims does not dispute that he killed Ortiz-Ramos, and the jury was not required to believe his explanation as to his culpability. The evidence was constitutionally sufficient to support Mims's convictions. We affirm.

---

[3] Neither opening statements nor closing arguments at Mims's trial were transcribed. But the jury was instructed on voluntary manslaughter and self-defense, and the verdict form included options to find Mims guilty of voluntary manslaughter instead of malice murder or felony murder. Because neither party has raised the issue, we express no opinion as to whether the voluntary manslaughter charge was required under the facts of this case.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 15, 2021.
Murder. Richmond Superior Court. Before Judge Blanchard.

*Joseph C. Timothy Lewis*, for appellant.

*Natalie S. Paine, District Attorney, Joshua B. Smith, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ashleigh D. Headrick, Assistant Attorney General*, for appellee.