NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: April 8, 2025

S25A0116. LONG v. THE STATE.

WARREN, Presiding Justice.

Appellant Danny Long was convicted of malice murder and other crimes in connection with the shooting death of Edmond Irvin.[1] Long's sole contention in this appeal is that the trial court erred by not accepting the jury's verdict finding him guilty of voluntary manslaughter as a lesser offense of malice murder. Because the trial court did not err in this respect, we affirm.[2]

---

[1] Irvin's first name is also spelled "Edmund" sometimes in the record.

[2] The crimes occurred on April 30, 2019. In October 2019, a Coweta County grand jury indicted Long for malice murder, felony murder based on aggravated assault, two counts of aggravated assault (one against Irvin and the other against Evelyn Roman), terroristic threats, and criminal use of an article with an altered identification mark. The terroristic-threats count was nolle prossed before the jury trial, which was held from June 28 to July 2, 2021. The jury ultimately found Long guilty of the remaining counts, and the trial court sentenced him to serve life in prison for malice murder, 20 consecutive years for the aggravated assault against Roman, and five consecutive years for

1. (a) As pertinent to Long's only contention, the record shows the following. The indictment charged Long with malice murder and felony murder, both predicated on the same aggravated assault "by shooting" Irvin, as well as other crimes. At Long's request, the trial court instructed the jury on voluntary manslaughter as a lesser offense of both malice murder and felony murder. The jury then deliberated and returned a verdict, finding Long guilty of voluntary manslaughter as a lesser offense of malice murder and also guilty of felony murder, among other crimes.

The trial court silently reviewed the verdict form (but did not publish the verdict aloud), sent the jury out, and informed the parties of the jury's findings. The prosecutor argued that the court was authorized to reject the verdict pursuant to *Ingram v. State*, 290 Ga. 500 (722 SE2d 714) (2012). Long's trial counsel asserted that

criminal use of an article with an altered identification mark. The felony-murder count was vacated, and the trial court merged the count of aggravated assault against Irvin. Long filed a timely motion for new trial, which he later amended. After a hearing, the trial court denied the motion in April 2024. Long filed a timely notice of appeal, and the case was docketed to the term of this Court beginning in December 2024 and submitted for a decision on the briefs.

the court should accept the verdict and sentence Long for voluntary manslaughter, rather than felony murder. The trial court concluded that it was authorized to reject the verdict under *Ingram* and did so; the court then brought the jurors back to the courtroom and instructed them to continue deliberating. At the prosecutor's request, which Long's trial counsel opposed, the trial court later instructed the jury: "[I]n this case, [Long] cannot be found guilty of both voluntary manslaughter and felony murder." The jury ultimately returned a verdict, which the trial court published, finding Long guilty of malice murder and felony murder, among other crimes, and Long was sentenced to serve life in prison for malice murder.

(b) Long contends that the trial court erred by rejecting the jury's initial verdict of guilty of both voluntary manslaughter and felony murder. That claim fails.

As we explained in *Ingram*, when a "jury renders a verdict for voluntary manslaughter, it cannot also find felony murder based on the same underlying aggravated assault." 290 Ga. at 502 (citation

3

and punctuation omitted). Accordingly, a trial court is authorized to refuse to accept such a verdict. See id. at 502-503 (holding that "the trial court properly refused to accept the [jury's] initial verdict finding [the a]ppellant guilty of both felony murder and voluntary manslaughter" and required the jury to continue deliberating because "the same aggravated assault charge was both the predicate felony for the felony murder charge and the act underlying the voluntary manslaughter charge"). Here, as in *Ingram*, the jury initially found Long guilty of both voluntary manslaughter and felony murder based on the same aggravated assault—the act of shooting Irvin. Under those circumstances, the trial court was authorized to refuse to accept the verdict and to instruct the jury to continue its deliberations. See id.

Long nevertheless argues—without mentioning *Ingram*—that the trial court was required to accept the jury's first verdict and sentence him for voluntary manslaughter, rather than felony murder, pursuant to the modified-merger rule that this Court adopted in *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992). That

4

rule provides that when a trial court *accepts* a jury's verdict of guilty of voluntary manslaughter and felony murder based on the same underlying aggravated assault, the court must sentence the defendant only for voluntary manslaughter. See id. at 865-867. But *Edge* did not address whether a trial court is authorized to reject such a verdict. *Ingram* controls that issue. And *Ingram* expressly relied on *Edge*'s modified-merger rule in concluding that a trial court is authorized to reject a verdict finding a defendant guilty of both voluntary manslaughter and felony murder based on the same underlying aggravated assault. See *Ingram*, 290 Ga. at 502-503 (explaining that "the jury could not find [the a]ppellant guilty of both felony murder and voluntary manslaughter because, as charged, the crimes were subject to the modified merger rule" and citing *Edge*).

In sum: *Ingram* controls the trial court's refusal to accept the jury's initial verdict here, and the trial court did not err under that precedent. Accordingly, Long's only claim in this appeal fails. See

*Ingram*, 290 Ga. at 502-503.[3]

    *Judgment affirmed. Peterson, CJ, Bethel, Ellington, McMillian, LaGrua, Colvin, and Pinson, JJ, concur.*

---

    [3] Quoting language in a footnote in *Edge*, Long also mentions in his brief in this Court that the jury was not instructed that "if it finds provocation and passion with respect to the act which caused the killing, it could not find felony murder, but would be authorized to find voluntary manslaughter." 261 Ga. at 867 n.3. But Long did not list the omission of this instruction as an enumeration of error. See *Mims v. State*, 310 Ga. 853, 854 n.2 (854 SE2d 742) (2021). And in any event, we have held that such an instruction is not required, *Burke v. State*, 302 Ga. 786, 790 n.3 (809 SE2d 765) (2018), and here, the jury charge as a whole essentially covered the principle outlined in the language quoted above.

    We also note that Long does not contend that the trial court's rejection of the jury's initial verdict implicates double-jeopardy principles. Cf. *McElrath v. Georgia*, 601 U.S. 87, 96 n.4 (144 SCt 651, 217 LE2d 419) (2024) (expressly declining to "address the Double Jeopardy Clause's application to a trial judge's rejection of inconsistent or incomprehensible jury findings under state law"); id. at 98-99 (Alito, J., concurring) (explaining that "[n]othing that we say today should be understood to express any view about whether a not-guilty verdict that is inconsistent with a verdict on another count and is not accepted by the trial judge constitutes an 'acquittal' for double jeopardy purposes"). We therefore do not address that issue.