S02A1122. McCULLEY v. THE STATE.
(569 SE2d 507)

HINES, Justice.

Shirley Ann McCulley was convicted of the malice murder of her former boyfriend, Clifford Jarreau, the aggravated assault of Jarreau's brother, Brian Glasper, and possession of a firearm during the commission of a crime. She appealed her convictions, and finding no error, this Court affirmed. *McCulley v. State*, 273 Ga. 40 (537 SE2d 340) (2000). However, this Court remanded the case to the trial court for a determination on McCulley's claim of ineffective assistance of trial counsel. Id. at 44 (4). After a hearing, the trial court found that the allegations of ineffectiveness were without merit and denied McCulley's motion for new trial on that ground. McCulley appeals,

and for the reasons that follow, we affirm the judgment of the trial court.[1]

The facts of McCulley's crimes are set forth in detail in *McCulley v. State*, supra at 40-41. In summary, after ending their stormy relationship, McCulley and Jarreau arranged to meet so that Jarreau could transfer title to a vehicle to McCulley in exchange for cash. McCulley attempted to give Jarreau a check instead of cash, which he refused to accept, and Jarreau returned home. Minutes later, McCulley and her then boyfriend, Leonard "Sonny" Newell, drove to Jarreau's residence. McCulley exited the car with pistol in hand and shot Jarreau in the leg after he came out of his house; the shot incapacitated Jarreau. Glasper came outside and saw the wounded Jarreau and McCulley holding a pistol. Jarreau stated, "Shirley has shot me, call 911." As Glasper approached, McCulley pointed the pistol at him and ordered him to get back in the house. Glasper retreated to call 911, and two more shots were fired: one was a close range, defensive wound to Jarreau's wrist, and the final and fatal bullet entered the top of Jarreau's head.

McCulley and Newell drove to a friend's home, and McCulley told the friend that she had shot Jarreau and thought she had killed him; she showed the friend three spent shell casings from her pistol. After McCulley surrendered to police, she volunteered: "I shot and killed my boyfriend." Following *Miranda* warnings, McCulley stated that she shot Jarreau at least twice at close range, but that she did so in self-defense because he and Glasper had threatened to kill her.

In his interview with police on the night of the shooting, Newell confirmed that McCulley had fired all three shots. Newell was subsequently indicted as a co-defendant along with McCulley. However, six weeks after the shooting, Newell committed suicide. In his pocket were found two unmailed stamped letters; one was addressed to McCulley and the other to an investigator in the case. In the letter to the investigator, Newell claimed that he rather than McCulley fired the final two shots. In the letter to McCulley, Newell said that he was confessing guilt to the investigator because McCulley had "too much on the outside to be locked [up]" for the crimes. Allegedly, at some point, Newell also told his mother that he was guilty. McCulley sought to introduce into evidence at trial the two letters and purported oral admission; however, the trial court properly disallowed the hearsay evidence. McCulley testified at trial and her defense was justification in support of which she offered evidence of battered per-

---

[1] The hearing in the matter was held on September 5, 2001. A notice of appeal was filed on September 17, 2001. The order denying McCulley's motion for new trial was entered on April 2, 2002, nunc pro tunc to September 5, 2001. The appeal was docketed in this Court on April 10, 2002, and the case was argued orally on July 9, 2002.

son syndrome.

McCulley contends that she was not afforded the effective assistance of trial counsel because of certain actions and omissions by counsel. However,

> [i]n order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Cits.] The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.] The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's [factual] findings are clearly erroneous. [Cit.]

*Hamilton v. State*, 274 Ga. 582, 587 (13) (555 SE2d 701) (2001), quoting *Chapman v. State*, 273 Ga. 348, 349 (2) (541 SE2d 634) (2001).

1. McCulley maintains that prior to the trial, she told her lawyer that she did not kill Jarreau, that she was responsible only for the first, non-fatal shot, and this coupled with witness accounts, forensic evidence, and the two letters found on Newell's body, required that her primary defense be that it was Newell, not she, who killed Jarreau. Thus, she claims that her attorney was ineffective for abandoning such defense without her knowledge or permission. But such claim is unavailing.

The evidence of record supports the trial court's findings that counsel did substantial investigation of the "Sonny" defense, i.e., that Newell fired the final two shots, and that "[t]he decision to forego that at some point in time was a strategy decision that was made only after consultation with this defendant and her acquiescence in it." The trial court had ruled in pretrial proceedings that Newell's two letters and his alleged statement to his mother would be inadmissible at trial. *McCulley v. State*, supra at 41 (2). Therefore, trial counsel knew that such evidence in support of the "Sonny" defense would be unavailable unless the trial court reversed its ruling in the matter. In addition, McCulley had told trial counsel that she did not remember who fired the shots or how many shots there were, and Newell's counsel had related that Newell denied firing the shots. Trial counsel also considered the fact that McCulley had admitted fatally shooting Jarreau in her initial statements to police. Consequently, trial counsel concluded that pursuing the claim that Newell fired the fatal shots would diminish McCulley's credibility with the jury; counsel, who was experienced in criminal defense, also believed that it was a

bad idea to change defenses in midstream. Accordingly, counsel determined that McCulley's best course was to continue with the defense that her actions were the result of her having been battered. This matter of trial tactics and strategy provides no basis for finding counsel's performance deficient. *Butler v. State*, 273 Ga. 380, 385 (10) (b) (541 SE2d 653) (2001). What is more, the record supports the finding that the decision to abandon the "Sonny" defense was made in conjunction with McCulley; in fact, counsel testified that notwithstanding his judgment, he would have presented such defense if McCulley had insisted upon it.

Finally, assuming arguendo that counsel failed to consult McCulley about not pursuing the "Sonny" defense, McCulley cannot show how the outcome of the trial would have been different. *Hamilton v. State*, supra at 587 (13). Even if the jury accepted that McCulley fired only the first bullet, application of the law to the facts would have authorized the jury to find McCulley guilty of Jarreau's malice murder as a party to the crime. OCGA § 16-2-20; *Mize v. State*, 269 Ga. 646 (1) (501 SE2d 219) (1998).

2. McCulley also complains that counsel was ineffective for not insisting upon her presence at two unrecorded in-chambers conferences, the first at which allegedly the admissibility of the suicide letters was discussed anew, and the second at which counsel allegedly abandoned the "Sonny" defense. But here again McCulley cannot meet her burden of showing that counsel was ineffective.

The evidence is that the first in-chambers meeting was a jury charge conference. A defendant does not have the unequivocal right to be present at a charge conference inasmuch as such a proceeding involves essentially legal argument about which the defendant presumably has no knowledge. *Huff v. State*, 274 Ga. 110, 111 (2) (549 SE2d 370) (2001). As to any renewed discussion at the conference about the admissibility of Newell's letters based upon the assertion that the State had opened the door for such evidence, the trial court merely indicated that it would take the matter under advisement and make a decision in the morning. At the second conference, counsel informed the court that an evidentiary ruling would not be necessary because McCulley would no longer seek to introduce the evidence. However, the evidence of record supports the finding that this announcement was made following consultation with McCulley and her agreement in the decision. Therefore, the decision on the "Sonny" defense was made with McCulley and not outside of her presence, and she can show no harm from her absence at the announcement. Id. at 112 (2). Nor can she show the reasonable probability of a different outcome at trial if she had been present during the conferences. *Hamilton v. State*, supra at 587 (13).

3. McCulley next asserts that trial counsel was ineffective for

acquiescing to a stipulation informing the jury merely that Newell was dead, and not that he committed suicide, and to the redaction of the indictment to omit Newell's name. She urges that the facts of the suicide and that Newell had been charged as a co-defendant were strong arguments to use with the jury to raise a reasonable doubt as to her guilt of malice murder. However, as has already been discussed, McCulley had, after effective consultation, agreed to forego an attempt to shift blame to Newell, and even if the jury had heard and accepted the claim that Newell was the fatal shooter, McCulley cannot demonstrate a more favorable result at trial. See Division 1, supra.

4. Lastly, McCulley fails in her contention that counsel was ineffective for mentioning in closing argument that she had fired all three shots. The attorney's statement was consistent with the agreed upon defense that she killed Jarreau but was justified in doing so.

McCulley's trial counsel was not ineffective under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Katz, Flatau, Popson & Boyer, Sandra J. Popson*, for appellant.
*Kelly R. Burke, District Attorney, Amy E. Smith, Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.