## A10A1343. MILLIGAN v. THE STATE.
(703 SE2d 1)

PHIPPS, Presiding Judge.

After a jury trial, Dana Jerry Milligan was convicted of possession of methamphetamine with intent to distribute and misdemeanor obstruction of a law enforcement officer. On appeal, he contends that the court erred in admitting certain evidence, in excluding him from a charge conference, in referring to "admissions" in a jury charge, and in the manner in which it responded to announcements from the jury that it could not reach a verdict on possession with intent to distribute. For the reasons set forth below, we affirm.

1. Milligan argues that the court erred in admitting evidence that he had previously pleaded guilty to possession of methamphetamine with intent to distribute, on the ground that the court failed to weigh its prejudicial impact against its probative value. But Milligan did not object to the evidence on this ground at a pretrial hearing concerning its admission. He also did not assert this ground as the basis of his objection to its admission at trial. Instead, he objected to the evidence for a different reason — an alleged discovery violation — not raised on appeal. Because Milligan failed to raise, either at the pretrial hearing or at trial, the objection that he now asserts on appeal, he has waived appellate review of this assertion.[1]

---

[1] See *Hunter v. State*, 202 Ga. App. 195, 197-198 (3) (413 SE2d 526) (1991) (objection at pretrial hearing to admission of evidence for one reason did not preserve for appellate review argument that evidence should not have been admitted for a different reason); see also *Dyer v. State*, 287 Ga. 137, 143 (9) (695 SE2d 15) (2010) (where defendant failed to object at trial to

2

2. Milligan argues that the court violated his right to be present at all proceedings against him when it excluded him from a charge conference that occurred during jury deliberations.[2]

In the course of deliberations the jury asked to read a transcript of a recording that had been played during trial. After an unreported bench conference with counsel, the court stated to the jury, "I am going to get with the attorneys and we are going to try to write an appropriate charge that I hope will help you in this matter." The jury retired, and the court said, "Let's step back to the conference room." The record reflects that a recess was taken. The record next reflects that the jury returned to the courtroom and the court gave additional jury charges, including a charge that the recording was evidence but the transcript thereof was not evidence.

A defendant's "right to be present attaches at any stage of a criminal proceeding that is critical to its outcome if the defendant's presence would contribute to the fairness of the procedure."[3] The Supreme Court of Georgia has held that a charge conference is not a stage of a criminal proceeding invoking this right to be present.[4] Accordingly, we find no error in the court holding this conference outside Milligan's presence.[5]

3. Milligan contends that the court improperly commented upon the evidence during the final charge by instructing:

> On the other hand, if you believe the state has not proven his guilt beyond a reasonable doubt or if you have a reasonable doubt as to his guilt, it would be your duty to find him not guilty. However, you have heard the evidence and arguments of both the State and the defense and *admissions* and so forth made during the course of the trial.[6]

Milligan argues that the court's use of the word "admissions" in this charge "mischaracterize[d] the evidence by attributing an admission to [him], when he did not testify, [and] can only be regarded as an expression of opinion by the trial court of the evidence in the case."

---

admission of evidence, his subsequent objection made in motion for new trial did not preserve the issue for appellate review).

[2] See *Lowery v. State*, 282 Ga. 68, 73 (4) (b) (646 SE2d 67) (2007) (within the Georgia constitutional right to the courts, set forth in Ga. Const. of 1983, Art. I, Sec. I, Par. XII, is a criminal defendant's right to be present and see and hear all proceedings which are had against him on the trial before the court).

[3] *Lowery*, supra at 74 (4) (b) (i) (citation and punctuation omitted).

[4] Id.; *McCulley v. State*, 275 Ga. 473, 476 (2) (569 SE2d 507) (2002); *Huff v. State*, 274 Ga. 110, 111-112 (2) (549 SE2d 370) (2001).

[5] See *Lowery*, supra; *Huff*, supra.

[6] (Emphasis supplied.)

Although Milligan did not testify, a law enforcement officer testified to a custodial statement that Milligan made regarding methamphetamine found on his person, and a recording of a custodial statement made by Milligan was admitted and played to the jury.

Under OCGA § 17-8-57, "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." In determining whether an excerpt from a charge violated this Code section, we review the charge as a whole.[7] OCGA § 17-8-57 is violated only when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be.[8]

In its final charge, the court instructed the jury on how to consider evidence of any custodial statements made by Milligan. It charged that the jury could not consider statements made by Milligan as evidence unless it first determined that Milligan was informed of his constitutional rights, that he clearly understood those rights, and that he knowingly gave up those rights in making the statements. The court further charged that, if the jury considered the statements as evidence, the jury was required to determine the believability of the witness and the weight to be given the statements. Reviewing the challenged portion of the charge in the context of the charge as a whole, we conclude that the trial court's use of the term "admissions" did not assume facts or intimate an opinion relating to the custodial statements made by Milligan. Thus, we find that no violation of OCGA § 17-8-57 occurred.[9]

4. During deliberations, the court received a series of notes from the jury indicating that it could not reach a verdict on the charge of possession with intent to distribute. The court ultimately gave the jury an *Allen*[10] charge, after which the jury returned a verdict of guilty as to this offense.

(a) One note from the jury stated that there were "11 votes for guilty of possession of methamphetamine with intent to distribute and one vote of possession of methamphetamine with no chance of a change." Citing *Cantrell v. State*,[11] Milligan contends on appeal that, after receiving this note, the court "should have instructed the jury that the numerical count indicate[d] a finding of guilt of the lesser

---

[7] *Jones v. State*, 268 Ga. 12, 15 (5) (483 SE2d 871) (1997).

[8] *Mullinax v. State*, 255 Ga. 442, 445 (4) (339 SE2d 704) (1986) (citations omitted).

[9] See id. (irrespective of whether "slayer" connotes malice, trial judge's use of that word, when considered within context, did not constitute opinion concerning the evidence so as to violate OCGA § 17-8-57).

[10] See *Allen v. United States*, 164 U. S. 492, 501-502 (9) (17 SC 154, 41 LE 528) (1896).

[11] 266 Ga. 700 (469 SE2d 660) (1996).

included offense" of possession of methamphetamine. He did not, however, request this instruction or otherwise raise this issue at trial and consequently he did not preserve this issue for appellate review, notwithstanding his inclusion of it in his motion for new trial.[12]

(b) Milligan argues that the court erred in giving the *Allen* charge. Although he did not object to this charge at trial, he reserved the right to object to the final charge and later raised the issue in his motion for new trial.[13]

The decision to give an *Allen* charge is within the trial court's discretion.[14] "The issue in reviewing an *Allen* charge is whether the instruction is coercive so as to cause a juror to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors."[15]

Milligan does not argue that the specific language of the charge was coercive, and the Supreme Court of Georgia has found that language similar to that given in this case was not coercive.[16] Moreover, the only circumstance cited by Milligan to support his argument that the charge was coercive was his assertion that "the jury [was] not deadlocked as to the lesser offense" of possession of methamphetamine.[17] But the case Milligan cites for this proposition, *Wells v. State*,[18] does not support his argument. In *Wells*, we held that the court's instructions to a deliberating jury concerning its reported deadlocked status on certain counts constituted a substantive communication at a critical stage in a defendant's criminal prosecution, at which the defendant had the right to be present.[19] We did not address in *Wells* what circumstances would render an *Allen* charge coercive.

Furthermore, the record does not reveal circumstances compelling a finding that the *Allen* charge in this case coerced the jury into

---

[12] See *Manley v. State*, 284 Ga. 840, 847 (4) (672 SE2d 654) (2009) (applying contemporaneous objection rule to claim that court erred in responding to note from jury); *Martin v. State*, 281 Ga. 778, 780 (2) (642 SE2d 837) (2007) (objection set forth in amended motion for new trial was not contemporaneous and did not preserve issue for appellate review).

[13] At the time of Milligan's trial in 2003, a criminal defendant was allowed to reserve his objections to jury instructions. See *Pruitt v. State*, 282 Ga. 30, 33 (2), n. 2 (644 SE2d 837) (2007). "The law with respect to the preservation of error with regard to jury instructions in criminal cases changed with the enactment of OCGA § 17-8-58, effective July 1, 2007." *Loadholt v. State*, 286 Ga. 402, 405 (3), n. 3 (687 SE2d 824) (2010). OCGA § 17-8-58 (a) now requires a criminal defendant to "inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate."

[14] *Lowery*, supra at 75 (4) (b) (ii).

[15] Id. at 71 (4) (a) (citation and punctuation omitted).

[16] *Sears v. State*, 270 Ga. 834, 838 (1) (514 SE2d 426) (1999).

[17] See id. at 837 (whether a verdict resulted from coercion depended upon the totality of the circumstances).

[18] 297 Ga. App. 153 (676 SE2d 821) (2009).

[19] Id. at 160 (2).

reaching its verdict that Milligan was guilty of possession of meth-amphetamine with intent to distribute.[20] The record shows that the jury sent four notes to the court indicating its inability to reach a verdict, three on the first day of deliberations and one on the second day, and that it reached its verdict on the second day of deliberations.[21] Although the record reflects that the jury deliberated over a period of two days, it does not more specifically indicate how many hours the jury deliberated before or after sending these notes to the court, nor does it more specifically indicate how many hours the jury deliberated before or after receiving the *Allen* instruction.[22] And it cannot be said that the verdict was coerced simply because the trial court gave an *Allen* charge after the jury revealed its numerical division.[23] Although, in certain of its notes, the jury foreperson stated that a juror "refuses to change his/her mind" and expressed her belief that "[t]here will not be a verdict reached," the trial court "was not bound by those pronouncements. On the contrary, the trial court, in the exercise of a sound discretion, was required to make its own determination as to whether further deliberations were in order."[24] Milligan has demonstrated no abuse of that discretion here.

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

### ON MOTION FOR RECONSIDERATION.

Milligan has moved for reconsideration of our decision, focusing on our ruling in Division 3. In his motion, he presents a new argument for the reversal of his conviction, which was not contained in his appellate brief. In that brief, Milligan argued that a jury charge violated OCGA § 17-8-57 because it constituted an expression of the trial judge's opinion that a statement made by Milligan was an "admission." On motion for reconsideration, Milligan argues for the first time that the same jury charge violated OCGA § 17-8-57 because, by including the word "however," the charge constituted an expression of the judge's opinion that the state satisfied its burden of proving Milligan's guilt beyond a reasonable doubt.

Court of Appeals Rule 37 (e) provides for the granting of a motion for reconsideration "only when it appears that the Court

---

[20] See generally *Nowill v. State*, 271 Ga. App. 254, 259 (5) (609 SE2d 188) (appellant bears the burden of proving error affirmatively by the record).

[21] The jury also sent other notes to the court containing questions.

[22] Compare *Sears*, supra at 837-838 (considering the number of hours the jury deliberated before and after receiving *Allen* instruction as part of totality of circumstances in assessing whether instruction was coercive).

[23] Id. at 838. As the Supreme Court of Georgia has noted, however, trial courts should not inquire into the nature of a jury's numerical division, and they are encouraged to inform jurors not to reveal that information. Id. at 838, n. 1.

[24] Id. (citation omitted).

overlooked a material fact in the record, a statute or a decision which is controlling as authority and which would require a different judgment from that rendered, or has erroneously construed or misapplied a provision of law or a controlling authority." Milligan contends that "[by] focusing on the word 'admissions' and addressing the law of admissions this Court has overlooked the impact of the inserted adverb 'however.'" But in his appellate brief, Milligan neither argued to this Court that the inclusion of the word "however" rendered the jury charge a statement of opinion by the trial judge, nor set forth the opinion that he now alleges the judge expressed. We deny the motion for reconsideration.

*Motion for reconsideration denied.*

DECIDED SEPTEMBER 10, 2010 —
RECONSIDERATION DENIED NOVEMBER 23, 2010 — 

*Billy L. Spruell*, for appellant.
*Lee Darragh, District Attorney, Alison W. Toller, Assistant District Attorney*, for appellee.