## A11A1730. CONTRERAS v. THE STATE.
(726 SE2d 107)

BLACKWELL, Judge.

Raymond David Contreras was tried by a Gwinnett County jury and convicted of kidnapping with bodily injury[1] and rape.[2] He appeals, contending that the evidence is insufficient to sustain his conviction for kidnapping with bodily injury, that the court below erred when it gave an *Allen* charge,[3] and that he was deprived at trial of the effective assistance of counsel. We find no merit in these contentions and affirm the judgment of conviction.

1. We consider first whether the evidence is sufficient to sustain the conviction for kidnapping with bodily injury. To this end, we ask whether any rational jury could have found proof beyond a reasonable doubt of the guilt of the defendant in the evidence adduced at trial, viewing that evidence in the light most favorable to the verdict. *Howard v. State*, 310 Ga. App. 659, 659 (1) (714 SE2d 255) (2011). And as we consider this question, we must keep in mind that it is for the jury, not appellate judges, to assess the credibility of witnesses, weigh and draw reasonable inferences from the evidence, and resolve conflicts in the evidence. *Ferguson v. State*, 307 Ga. App. 232, 233 (1) (704 SE2d 470) (2010). So, if the record contains some competent evidence to prove each element of kidnapping with bodily injury beyond a reasonable doubt, we must uphold the conviction, even though the evidence may be disputed. Id.

Viewed in the light most favorable to the verdict, the evidence in this case shows that Contreras and another man abducted the

---

[1] See OCGA § 16-5-40 (d) (4).

[2] See OCGA § 16-6-1 (a) (1).

[3] See *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896). "An *Allen* charge is given by the trial court when the jury in a criminal trial indicates that it is deadlocked, encouraging the jurors to re-examine their opinions in continued deliberation and to attempt to reach a unanimous verdict." *Walker v. State*, 308 Ga. App. 176, 184 (4), n. 35 (707 SE2d 122) (2011).

victim, then 16 years of age, as she walked alone down a road, that they took her to another location, and that they forcibly had sexual intercourse with her. The victim testified at trial and described the abduction and forced intercourse, and forensic scientists with the Georgia Bureau of Investigation testified about their DNA analysis of a tissue sample recovered from the victim, which matched Contreras. Contreras does not dispute that the evidence is sufficient to prove that he kidnapped and raped the victim, but he contends that no evidence shows that the victim sustained a bodily injury in the course of the kidnapping, an essential element, of course, of kidnapping with bodily injury. See OCGA § 16-5-40 (d) (4). This contention is without merit.

The evidence shows that the victim underwent a vaginal examination shortly after the kidnapping and rape. In the course of this examination, the victim experienced a burning sensation, and she complained of pain. And the examining nurse found that the victim had sustained a vaginal laceration, which was approximately one centimeter in length. From this evidence, a jury properly might have found beyond a reasonable doubt that the victim suffered a bodily injury in the course of the kidnapping, and for this reason, the evidence is sufficient to sustain the conviction for kidnapping with bodily injury. See *Mayberry v. State*, 301 Ga. App. 503, 512 (6) (687 SE2d 893) (2009) ("Kidnapping with bodily injury only requires that an injury, no matter how slight, occur during the kidnapping.") (citation and punctuation omitted); see also *Phillips v. State*, 284 Ga. App. 683, 685 (1) (b) (644 SE2d 535) (2007) (same); *Nelson v. State*, 278 Ga. App. 548, 551 (3) (629 SE2d 410) (2006) ("Evidence of any physical injury, however slight, satisfies the bodily injury element necessary to establish kidnapping with bodily injury.").

2. We next consider whether the court below erred when it gave an *Allen* charge. When a jury reports difficulty in reaching a unanimous verdict, whether to give an *Allen* charge is committed to the sound discretion of the trial court, and we review the decision to give such a charge only for an abuse of discretion. *Johnson v. State*, 278 Ga. 136, 138 (4) (598 SE2d 502) (2004). See also *Sears v. State*, 270 Ga. 834, 838 (1) (514 SE2d 426) (1999). We have explained before that the giving of an *Allen* charge amounts to an abuse of discretion when the terms of the charge itself, or the circumstances in which it is given, are coercive, "so as to cause a juror to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors." *Milligan v. State*, 307 Ga. App. 1, 4 (4) (b) (703 SE2d 1) (2010) (punctuation and footnote omitted). In the course of its deliberations in this case, the jury twice informed the trial judge that it was having difficulty reaching a unanimous verdict on one of the counts. On the second occasion, the jury indicated that

it was "completely hung . . . with no chance of a resolution," and the judge then decided to give an *Allen* charge. A little more than an hour later, the jury returned a unanimous verdict of guilty on both counts. Contreras contends that the giving of the *Allen* charge was coercive and, therefore, an abuse of discretion.

Contreras does not contend that the terms of the charge itself were coercive, and he is right not to do so, especially considering that the trial court cautioned the jury that no verdict should be based on "a mere acquiescence of jurors in order to reach an agreement." See, e.g., *Wright v. State*, 274 Ga. 305, 307 (2) (553 SE2d 787) (2001) (*Allen* charge not coercive where court warned jurors, among other things, "that a juror should not acquiesce in other jurors' opinions merely to reach an agreement"); *Sears*, 270 Ga. at 837-838 (1) (*Allen* charge not coercive where "[t]he court made it clear that, although the jurors should consider the opinions of other jurors, they must never surrender their honest opinions for the sake of expediency"). He appears instead to contend that the circumstances in which the charge was given — the jury having deliberated for several hours and having reported that it was "completely hung . . . with no chance of a resolution" — rendered it coercive. We are not persuaded.

When the jury reported for a second time that it was deadlocked on one count and added that it was unlikely to reach a unanimous verdict, the trial court "was not bound by those pronouncements," and the court instead was "required to make its own determination as to whether further deliberations were in order." *Sears*, 270 Ga. at 838 (1) (citations omitted). At that point, only about six-and-a-half hours, including the lunch break, had passed since the jury had begun its deliberations. About two hours earlier, the jury had first indicated that it was deadlocked on one count, the judge had directed the jury to continue its deliberations, and the jury apparently had done so, asking a question of the judge about the asportation element of kidnapping in the meantime. And after the *Allen* charge was given, the jury deliberated for more than another hour before it finally returned its verdict. In these circumstances, the decision to give an *Allen* charge and require the jury to continue its deliberations was no abuse of discretion. See id. (where jury first indicated it was deadlocked after six hours of deliberation, and announced it was deadlocked again after another three hours, the trial court did not abuse its discretion in requiring the jury to deliberate further); *Humphreys v. State*, 287 Ga. 63, 80 (9) (a) (694 SE2d 316) (2010) (no abuse of discretion to require jury to continue deliberations where the jury had recently requested to rehear evidence); *Milligan*, 307 Ga. App. at 5 (4) (b) (trial court not bound by jury note indicating that jury would not reach a verdict).

3. We turn now to the contention that Contreras was deprived at

trial of the effective assistance of counsel. To prevail on his claim of ineffective assistance, Contreras must prove both that the performance of his lawyer was deficient and that he was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984). To prove that the performance of his lawyer was deficient, Contreras must show that his lawyer performed her duties at trial in an objectively unreasonable way, considering all the circumstances, and in the light of prevailing professional norms. See id. at 687-688 (III) (A); see also *Kimmelman v. Morrison*, 477 U. S. 365, 381 (II) (C) (106 SC 2574, 91 LE2d 305) (1986). And to prove that he was prejudiced by the performance of his lawyer, Contreras must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U. S. at 694 (III) (B); see also *Williams v. Taylor*, 529 U. S. 362, 391 (III) (120 SC 1495, 146 LE2d 389) (2000). This burden, although not impossible to carry, is a heavy one. See *Kimmelman*, 477 U. S. at 382 (II) (C).

Contreras testified at trial, and when he did so, his lawyer asked him on direct examination about his prior convictions for possession of cocaine, theft by taking, and burglary. Earlier, the trial judge had ruled that, if Contreras elected to testify, his prior convictions would be admitted for the purpose of impeachment,[4] see OCGA § 24-9-84.1 (a) (2), and in light of this ruling, his lawyer decided to go ahead and bring out the prior convictions on direct examination. Contreras contends that his lawyer was ineffective because she elicited testimony about his prior convictions, thereby waiving his objections to the admission of those convictions. Although we accept that his lawyer waived his objections to the admission of the convictions, we do not think that amounts to ineffective assistance.

In the first place, it is not apparent that the objections had much merit. Whether to admit a prior conviction for the purpose of impeachment is committed to the discretion of the trial court, see

---

[4] Contreras enumerates this ruling as error, but because he testified on direct examination about his prior convictions, he has waived any objection to the admission of those convictions. See *Ohler v. United States*, 529 U. S. 753, 760 (120 SC 1851, 146 LE2d 826) (2000) ("[A] defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error."); see also Scherr, Green's Georgia Law of Evidence § 14, p. 54 (6th ed. 2008) ("Waivers also occur when a party introduces evidence of the same fact that he tries to keep out when offered by the opposing party . . . ."); *Bartow County School Dist. v. Weaver*, 121 Ga. App. 733, 737 (3) (175 SE2d 78) (1970) (same). Contreras concedes as much in his arguments about ineffective assistance of counsel, saying that his lawyer failed "to preserve [his] objection to the admission of certified convictions for impeachment."

*Love v. State*, 302 Ga. App. 106, 109-110 (2) (690 SE2d 246) (2010), and generally speaking, a prior felony conviction is admissible to impeach a defendant "if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant."[5] OCGA § 24-9-84.1 (a) (2). The crimes of which Contreras previously had been convicted were serious and relatively recent, so his prior convictions undoubtedly had some probative value. Moreover, these crimes were dissimilar to the kidnapping and rape for which Contreras was on trial, making it less likely that he would be prejudiced unfairly by their admission. See *Robinson v. State*, 312 Ga. App. 110, 113 (2) (717 SE2d 694) (2011). For these reasons, the trial court might properly have admitted the prior convictions over the objections of Contreras, had he not waived them.[6] We need not, however, decide definitively whether the objections to the admission of the prior convictions had any merit.

Even if the objections had some merit, their merit is doubtful enough that a lawyer might reasonably have concluded that little would be gained by preserving the objections. And if little would be gained by preserving the objections, a lawyer might reasonably have decided to go ahead on direct examination and bring out the prior convictions, so as to deprive the prosecuting attorney of the opportunity to raise the prior convictions for the first time on cross-examination. See, e.g., *Collier v. State*, 288 Ga. 756, 758 (3) (707 SE2d 102) (2011) (bringing out prior convictions on direct examination of defendant, "rather than risk having the information extracted from him on cross-examination," was a reasonable strategy) (citation and punctuation omitted); *Everett v. State*, 297 Ga. App. 351, 353 (677 SE2d 394) (2009) (failure to object to admission of prior conviction was not ineffective where counsel testified, among other things, that "she believed it would be prudent to place the conviction before the jury first"); *Rose v. State*, 258 Ga. App. 232, 234-235 (2) (a) (573 SE2d 465) (2002) (decision to "beat the State to the punch" by informing the jury about prior conviction was a reasonable strategic decision). "Judicial scrutiny of counsel's performance must be highly deferential," and when we consider a claim of

---

[5] A different standard applies when more than ten years have passed since the date of conviction or the date on which the defendant was released from confinement, whichever is later, see OCGA § 24-9-84.1 (b), but that is not an issue in this case.

[6] Contreras argues that the court below misapplied the relevant standard because, although it found that the probative value of the prior convictions outweighed their prejudicial effect, it made no finding about whether their probative value *substantially* outweighed their prejudicial effect. See *Johnson v. State*, 307 Ga. App. 791, 793 (706 SE2d 150) (2011). But that is a problem that the court could have corrected on a motion for new trial simply by making the necessary finding, if only Contreras had preserved his objections to the admission of the prior convictions. See *Carter v. State*, 303 Ga. App. 142, 144-147 (2) (692 SE2d 753) (2010).

ineffective assistance, we must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U. S. at 689 (III) (A). Contreras has failed to overcome this "strong presumption," and for that reason, he has failed to carry his burden to show that eliciting testimony about his prior convictions on direct examination was objectively unreasonable.

Consequently, we affirm the judgment below.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED MARCH 15, 2012.

*Thomas S. Robinson III*, for appellant.

*Daniel J. Porter, District Attorney, Teresa B. Klein, Assistant District Attorney*, for appellee.