**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**April 2, 2014**

# In the Court of Appeals of Georgia

A14A0362. DAVIS v. THE STATE.

ELLINGTON, Presiding Judge.

A Bibb County jury found Joseph Davis guilty beyond a reasonable doubt of aggravated assault, OCGA § 16-5-21 (a) (1) (with intent to rape); aggravated sexual battery, OCGA § 16-6-22.2; and burglary, OCGA § 16-7-1 (2005). Following the denial of his motion for a new trial, Davis appeals, contending that the evidence was insufficient to support his convictions and that he received ineffective assistance of counsel. For the reasons explained below, we affirm.

1. Davis contends that the State failed to prove that he entered the victim's house without her consent, that he intended to rape her, and that the victim did not consent to their sexual activity. As a result, he contends, the evidence was insufficient

to sustain his convictions for burglary, aggravated assault, and aggravated sexual battery.

On appeal from a criminal conviction, the appellate court

view[s] the evidence in the light most favorable to the verdict[,] and an appellant no longer enjoys the presumption of innocence. [The appellate court] determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, [the appellate court] must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004). Moreover, "[t]he testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8 (2005).[1]

Viewed in the light most favorable to the jury's verdict, the evidence shows the following. The victim testified that, at approximately 4:00 a.m. on May 4, 2000, she

---

[1] We note that Davis's trial took place on December 13, 2005, before the effective date of Georgia's new Evidence Code, which applies to any motion, hearing or trial commenced on or after January 1, 2013. Ga. L. 2011, p. 99, §§ 2, 101. See OCGA § 24-14-8 (2013) (Except in specified cases, "[t]he testimony of a single witness is generally sufficient to establish a fact.").

2

was in bed asleep when a man got into her bed and began choking her. She could not see the man's face and did not know who he was. The intruder told her that he had been watching her for some time, that he was going to have sex with her, and that if she screamed he would crush her skull or hurt her family. He put a pillow over her face so that she could not look at him. He unfastened his belt and pushed his pants down, but he ejaculated before achieving penile penetration. He angrily told the victim that he "messed up" because she made him feel sorry for her, then he kissed her and inserted his fingers into her vagina. After threatening to come back and kill the victim if she called the police, the intruder left. The victim then found that the back door was open, and a glass pane was missing from beside the door knob. At trial, the victim affirmatively denied being acquainted with Davis, inviting him into her home, or consenting to any sexual activity.

The victim's landlord testified that, at the time of the attack, he had been renovating the building in which the victim had an apartment and that Davis lived in an adjacent building and occasionally worked odd jobs for him in the victim's apartment building.

At trial, Davis testified that he became acquainted with the victim while living nearby and working in her apartment building. According to Davis, he and the victim

consumed methamphetamine together in her apartment during the night of the alleged attack, and he ejaculated when they were engaged in consensual foreplay.[2] He denied entering the victim's apartment without her consent, having the intent to rape her, and touching her vagina without her consent.

Although disputed, the evidence authorized the jury to find that Davis entered the victim's home with the intent to rape her (a felony), choked her and threatened her, also with the intent to rape her, and penetrated her vagina with his fingers. These facts satisfied the essential elements of the crimes charged. *Mattox v. State*, 305 Ga. App. 600, 603 (1) (699 SE2d 887) (2010); *Coleman v. State*, 284 Ga. App. 811, 812-813 (1) (644 SE2d 910) (2007);*Whitehill v. State*, 247 Ga. App. 267, 268 (543 SE2d 470) (2000); *Mangham v. State*, 234 Ga. App. 567, 570 (2) (507 SE2d 806) (1998); see OCGA §§ 16-7-1 (a) (2005) ("A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another[.]"); 16-5-21 (a) (1) (A person commits the offense of aggravated assault when he or she assaults . . . [w]ith intent . . . to rape[.]"); 16-6-22.2 (2005) ("A person commits the offense of aggravated sexual

---

[2] The intruder's semen was collected on the night of the attack, and Davis stipulated that a DNA analysis identified him (or an identical twin) as the source.

battery when [the person] intentionally penetrates . . . the sexual organ or anus of another person without the consent of that person" with "any article or instrument other than the sexual organ of a person.").

2. Davis contends that his counsel provided ineffective assistance in several respects.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984)[.] The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003). See also *Miller v. State*, 285 Ga. 285, 286 (676 SE2d 173) (2009) (In analyzing the prejudice element, "[t]he question is whether there is a reasonable probability that, absent [counsel's] errors, the factfinder would have had a reasonable doubt respecting guilt.") (citation and punctuation omitted).

> As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel. Matters of trial tactics, even if they appear in hindsight to be

5

questionable, are grounds to find counsel ineffective only if the tactical decision is so patently unreasonable that no competent attorney would have chosen it.

(Citations and punctuation omitted.) *Dyer v. State*, 295 Ga. App. 495, 498 (1) (672 SE2d 462) (2009). Failure to satisfy either prong of the *Strickland v. Washington* standard is fatal to an ineffective assistance claim. *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995); *Ponder v. State*, 201 Ga. App. 388, 389 (1) (411 SE2d 119) (1991). As the appellate court, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Robinson v. State*, 277 Ga. at 76.

(a) Davis contends that his counsel provided ineffective assistance by failing to call his uncle (and roommate) to testify that the victim had a prior relationship with Davis, to impeach the victim's testimony that she was not acquainted with Davis and to support Davis's testimony that the victim consented to his entry into her home and to his sexual advances. The record shows that nearly seven years elapsed between Davis's trial and the hearing on his motion for a new trial, during which the witness died. See *Reynolds v. State*, 267 Ga. App. 148, 150 (1) (598 SE2d 868) (2004)

6

(Where a defendant fails to call a witness at the motion for new trial hearing to substantiate his claim that the witness's testimony would have been material to his or her defense, it is impossible for the defendant to show there is a reasonable probability the results of the proceedings would have been different if counsel had called the witness at trial.). Even if we accept Davis's testimony at the hearing as a proffer of what the witness would have testified to at trial, he has shown only that the witness would have testified that Davis and the victim interacted frequently in the course of his work at the apartment building. Davis also testified that his trial counsel had talked to the witness before trial but did not subpoena him because the witness said that he wanted to have nothing to do with Davis's trial; instead, his counsel called Davis's brother as a witness at trial regarding Davis's interactions with the victim. Thus, the record shows that counsel's decision not to subpoena the witness was a matter of trial tactics. "[D]ecisions regarding which witnesses to call and all other tactical and strategic decisions are the exclusive province of the lawyer after consultation with the client. And decisions regarding matters of trial strategy, whether wise or unwise, do not constitute ineffective assistance of counsel." (Footnotes omitted.) Id. at 151 (1). Accordingly, Davis failed to carry his burden of showing ineffective assistance of counsel on this basis.

7

(b) Davis contends that his counsel provided ineffective assistance by failing to request a curative instruction after the victim referred to his incarceration. The reference occurred when the victim was testifying about an incident when she encountered Davis at a gas station two and a half years after the attack, before he had been identified as the intruder who attacked her, and she mentioned that, at the time, she always carried a copy of the incident report in her purse. When the prosecutor questioned the victim about why she had a copy of the incident report in her purse on that day, she answered, "I don't [carry a copy anymore] because I know [Davis has] been in jail for a year [awaiting trial]. But before then . . ." Davis's counsel objected and moved for a mistrial, and the trial court denied the motion. His counsel then asked for a curative instruction, but, after counsel and the court discussed the proper wording of an instruction, his counsel concluded that the court's explanation would do more damage to the defense than the victim's comment standing alone. A strategic decision not to draw the jury's attention to unfavorable testimony through the giving of a curative instruction is within the wide latitude of presumptively reasonable professional conduct engaged in by a trial attorney. *Kitchens v. State*, 289 Ga. 242, 245 (2) (e) (710 SE2d 551) (2011). Accordingly, the trial court properly rejected

Davis's ineffective assistance claim on this ground. *Dickerson v. State*, 275 Ga. App. 695, 698 (3) (a) (621 SE2d 831) (2005).

(c) Davis contends that his counsel provided ineffective assistance by introducing evidence of Davis's past convictions. The record shows that, on direct examination, Davis's counsel asked him about his past convictions for deposit account fraud, theft by taking, and interfering with government property. At the hearing on Davis's motion for a new trial, his counsel testified that he expected the court to admit evidence of Davis's previous convictions on cross examination[3] and

[3] At the time of Davis's trial, Georgia law provided that,
(a) [f]or the purpose of attacking the credibility of . . . the defendant, if the defendant testifies[,] . . .

> (2) [e]vidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant; and
> (3) [e]vidence that . . . the defendant has been convicted of a crime shall be admitted if it involved dishonesty or making a false statement, regardless of the punishment that could be imposed for such offense.

(b) . . . Evidence of a conviction under subsection (a) of this Code section is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of . . . the defendant from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old, as calculated in this subsection, is not admissible unless the proponent gives

9

that as a matter of trial strategy he opted to elicit testimony on direct examination to "soften the blow" and to show the jury that, by pleading guilty, Davis had taken responsibility for crimes he had committed. In addition, he wanted to have Davis explain why he fled from police officers when the victim saw him at the gas station. Even if the trial court might have exercised its discretion to exclude evidence of Davis's prior convictions, the merit of an objection was

> doubtful enough that a lawyer might reasonably have concluded that little would be gained by preserving the objections. And if little would be gained by preserving the objections, a lawyer might reasonably have decided to go ahead on direct examination and bring out the prior convictions, so as to deprive the prosecuting attorney of the opportunity to raise the prior convictions for the first time on cross-examination.

(Citations omitted.) *Contreras v. State*, 314 Ga. App. 825, 829 (3) (726 SE2d 107) (2012). We conclude that Davis failed to carry his burden of showing that it was objectively unreasonable to elicit testimony about his prior convictions on direct examination. Id. at 829-830 (3). See also *Collins v. State*, 276 Ga. 726, 728 (2) (583

---

to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.
OCGA § 24-9-84.1 (2005).

SE2d 26) (2003) (Where a defendant pursued a defense that he had aborted his involvement in the charged crime before it was complete and testified on his own behalf, putting his character in issue, counsel's strategic decision to portray the defendant as a truthful person with nothing to hide was objectively reasonable, and, therefore, it did not constitute ineffective assistance of counsel to examine the defendant on direct as to his previous conviction.).

Based on the foregoing, the trial court did not err in denying Davis's motion for a new trial based on ineffective assistance of counsel.

*Judgment affirmed. Phipps, C. J., and McMillian, J., concur.*