**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**December 29, 2021**

# In the Court of Appeals of Georgia

A21A1735. FOSSIER v. THE STATE.

McFADDEN, Presiding Judge.

Bryan Fossier was charged by indictment with four counts of aggravated child molestation for acts of oral sodomy with a minor victim and one count of child molestation for touching the victim's penis. Fossier pled not guilty to the charges and was tried before a jury, which found him guilty on all counts. The trial court sentenced Fossier as a recidivist, imposing concurrent life sentences for each count of aggravated child molestation, with 35 years to be served in confinement and the remainder on probation. s The court also imposed a concurrent 20-year sentence for the count of child molestation. After Fossier's motion for new trial was denied, he filed this appeal.

Fossier challenges the sufficiency of the evidence supporting his convictions; but the record shows that there was enough evidence to authorize a rational trier of fact to find him guilty beyond a reasonable doubt of the charged offenses. Fossier also challenges the trial court's admission of evidence of his prior sexual assault conviction; but such evidence was admissible under OCGA § 24-4-413, which addresses the admissibility of evidence of prior offenses in criminal sexual assault proceedings . Fossier further contends that the court erred in allowing evidence of his other criminal convictions; but during his trial testimony, Fossier opened the door to such evidence. Fossier next claims ineffective assistance of trial counsel; but he has failed to show that counsel's performance was both deficient and prejudicial. Fossier's final claim of error is that the trial court should have merged the four aggravated child molestation offenses for purposes of sentencing; but those offenses did not merge because they were based on separate acts of oral sodomy. So we affirm the judgments of conviction.

1. *Sufficiency of the evidence.*

"On appeal from [a] criminal conviction, [the defendant] is no longer presumed innocent and all of the evidence is viewed in the light most favorable to the jury's verdict." *Alvarado v. State*, 360 Ga. App. 113 (860 SE2d 886) (2021) (citation and

punctuation omitted). "[I]n evaluating the sufficiency of the evidence, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt." *Miranda v. State*, 354 Ga. App. 777, 778 (841 SE2d 440) (2020) (citation and punctuation omitted).

So viewed, the evidence presented at trial showed that the 12-year-old[1] victim was watching a movie in the living room of his cousin's home when Fossier, who lived with the cousin, entered the living room and began looking for something in a closet. Fossier told the child that he was looking for a pornographic video involving gay sex and asked the boy if he was gay. After talking to the boy about his sexuality, Fossier led the child into the home's bedroom and removed the boy's pants. Fossier touched the victim's penis with his hand, kneeled on the floor, and put his mouth on the boy's penis. Fossier stood up, had the victim kneel in front of him, and put his penis in the child's mouth. The victim eventually ran from the bedroom, put his pants back on, and resumed watching a movie in the living room. About an hour later, Fossier came into the living room and directed the victim to lie on a couch, where

---

[1]The parties have referred to the victim as being 13 years old. But the evidence, viewed in favor of the verdict, shows that he was born in August 2005 and that the incidents occurred in the spring of 2018, when he would have still been 12 years old.

3

Fossier placed his mouth on the child's penis and also inserted his penis into the victim's mouth.

In challenging the sufficiency of the evidence, Fossier argues that he was not identified by the victim in court. While the victim testified that he had not encountered Fossier prior to being molested by him and that he could not remember his face, he also testified that the assailant told him that his name was "Bryan" and that he was the boyfriend of the victim's cousin. Other evidence showed without dispute that Fossier was the boyfriend living with the victim's cousin at the time the child was molested, including testimony from both the cousin and Fossier himself confirming their relationship. See *Roebuck v. State*, 277 Ga. 200, 201 (1) (586 SE2d 651) (2003) ("[C]oncordance of name alone is some evidence of identity. Identity of name presumptively imports identity of person, in the absence of any evidence to the contrary.") (citations and punctuation omitted). Fossier also admitted that while living with the victim's cousin he had seen the victim in the cousin's home. And multiple outcry witnesses, including a forensic interviewer, testified that the victim had identified Fossier as his assailant. See *Hall v. State*, 282 Ga. 294, 296 (2) (653 SE2d 481) (2007) (out-of-court identification admissible as evidence of identity of perpetrator).

4

"Contrary to [Fossier's] argument, even though [the victim did not] directly identif[y] him in the courtroom as the person who committed the crimes, there was sufficient evidence to authorize the jury to find that he was the perpetrator." *Durden v. State*, 293 Ga. 89, 91 (1) (b) (744 SE2d 9) (2013), overruled in part on other grounds by *Jeffrey v. State*, 296 Ga. 713, 718 (3) (770 SE2d 585) (2015). See also *Junior v. State*, 282 Ga. 689, 690 (1) (even though the victim who testified at trial did not identify the defendant in court, there was sufficient other evidence from which the jury could find the defendant guilty). Having viewed the evidence in the light most favorable to the verdict, we conclude that "the evidence was sufficient to enable any rational trier of fact to find [Fossier] guilty beyond a reasonable doubt of the crimes for which he was convicted." *Ward v. State*, 279 Ga. 581, 583 (1) (619 SE2d 638) (2005) (sufficient evidence to support guilty verdict even though victims could not identify defendant as their assailant). See also OCGA §§ 16-6-4 (a) & (c) (defining child molestation and aggravated child molestation).

2. *Prior sexual assault conviction.*

Fossier contends that the trial court erred in admitting evidence of his 2003 sexual assault conviction. The contention is without merit because the evidence was admissible under OCGA § 24-4-413.

5

OCGA § 24-4-413 (a) provides that "[i]n a criminal proceeding in which the accused is accused of an offense of sexual assault, evidence of the accused's commission of another offense of sexual assault shall be admissible and may be considered for its bearing on any matter to which it is relevant." Moreover, "OCGA § 24-4-413 creates a rule of inclusion, with a strong presumption in favor of admissibility, and the [s]tate can seek to admit evidence under [its] provisions for any relevant purpose, including propensity." *Wilkerson v. State*, 356 Ga. App. 831, 834 (1) (849 SE2d 677) (2020) (citation and punctuation omitted).

In this case, Fossier was accused of multiple offenses of sexual assault. "For purposes of OCGA § 24-4-413, the term 'offense of sexual assault' includes any crime that involves contact, without consent, between any part of the accused's body and the genitals of another person. OCGA § 24-4-413 (d) (2). [So Fossier's] act of touching [the minor victim's penis] falls within this definition." *Latta v. State*, 341 Ga. App. 696, 700 (2) (802 SE2d 264) (2017) (punctuation omitted). Furthermore, an offense of sexual assault under this code section also includes conduct that would constitute oral sodomy in violation of OCGA § 16-6-2. See OCGA § 24-413 (d) (1). Therefore, Fossier's various acts of oral sodomy with the victim were additional offenses of sexual assault as that term is defined in OCGA § 24-4-413.

6

As for his 2003 conviction, the evidence showed that in that case Fossier had penetrated the victim's vagina with his fingers. As explained above, such unwanted contact with the genitals of another person constitutes an offense of sexual assault for purposes of OCGA § 24-4-413. See OCGA § 24-4-413 (d) (2); *Latta*, supra (defendant's "act of touching [victim's] vagina" constituted an offense of sexual assault). So in the instant case, in which Fossier was accused of multiple offenses of sexual assault, evidence of his prior offense of sexual assault was admissible under OCGA § 24-4-413 (a).

But that is not the end of our analysis. We must also address OCGA § 24-4-403, which provides for exclusion of relevant evidence due to prejudice, confusion, or waste of time.

> [E]vidence that is admissible under [OCGA § 24-4-413 (a)] may still be excluded under OCGA § 24-4-403 . . . if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*Wilkerson*, supra at 833 (1) (punctuation omitted). Fossier contends that the probative value of the prior sexual assault evidence was substantially outweighed by the danger of unfair prejudice because there was a lapse of 15 years between the prior and current offenses and there were factual differences between the cases, including the

7

age and sex of the victims. But "temporal remoteness and a difference in the victims' sex do not demand exclusion." Id. at 834 (1). Indeed, "[t]he lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility." *Maner v. State*, 358 Ga. App. 21, 24 (1) (852 SE2d 867) (2020) (citation and punctuation omitted). See also *Kirkland v. State*, 334 Ga. App. 26, 29-30 (1) (778 SE2d 42) (2015) (we have held that differences in the victims' ages, sex, and specifics of molestation do not render another act inadmissible). Given the "strong presumption in favor of admissibility [of such evidence], we cannot say that the trial court abused its discretion in allowing the other acts evidence to be admitted." *Green v. State*, 359 Ga. App. 845, 852 (3) (860 SE2d 140) (2021) (citation and punctuation omitted).

3. *Other prior convictions.*

Fossier enumerates that the trial court erred in allowing the state to introduce evidence of his other prior convictions while cross-examining him.[2] But Fossier

---

[2]Fossier makes an additional argument regarding evidence of his divorce. "But [he] did not list [any ruling on the admissibility of that evidence] as an enumeration of error, and he may not make arguments to expand his sole enumeration of error related to the [prior convictions] evidence." *Mims v. State*, 310 Ga. 853, 854 n. 2 (854 SE2d 742) (2021). Accord *Taylor v. State*, 303 Ga. 624, 628 (1) n. 2 (814 SE2d 353) (2018).

introduced the topic of his extensive criminal history in his opening statement to the jury and during his own direct testimony. So the state was authorized to explore the topic on cross-examination.

In his opening statement, Fossier's attorney told the jury that Fossier had a pattern of crime and drug use, that he had pled guilty to multiple crimes, that he had been to prison, that he stabbed a cell mate. Fossier subsequently testified on direct examination that he had been in trouble with the police before the 2003 sexual assault conviction discussed above in Division 2; that while in prison he stabbed a cell mate who had threatened to sexually assault him; that he has a lengthy and continuing history of drug abuse; that he has probation violations related to his drug use; and that he has prior convictions for possession of methamphetamine, aggravated assault, family violence battery, cruelty to children, and failing to register as a sex offender. He explained the circumstances surrounding those prior convictions and testified that the victim's cousin knew about his criminal history, including his prior sexual assault conviction, before they began living together. He also testified that he was incarcerated when he learned of the charges in the instant case.

Fossier opened the door to the issue of his criminal record, so the state was authorized to explore that issue on cross-examination.

9

The [s]tate, like any other party, has the right to conduct a thorough and sifting cross-examination and to pursue the specifics of a topic the defendant introduced. Thus, when a defendant testifies and admits prior criminal conduct, the [s]tate is authorized to fully explore the issue on cross-examination. Given [Fossier's] admission of [his] extensive [criminal history], the prosecutor was entitled to cross-examine him regarding the extent of [that history].

*Richardson v. State*, 305 Ga. App. 363, 366 (3) (699 SE2d 595) (2010) (citations and punctuation omitted). "Since [Fossier] introduced the topic [of his prior convictions in his opening statement and] on direct examination, he cannot now complain that the prosecutor followed up on cross-examination." *Morgan v. State*, 275 Ga. 222, 223 (3) (564 SE2d 192) (2002) (citation and punctuation omitted). Under these circumstances, "[t]he trial court did not abuse its discretion in allowing this evidence to come in." *Parks v. State*, 300 Ga. 303, 309 (3) (794 SE2d 623) (2016) (where defendant testified that he had become more responsible since a prior conviction and admitted that he had been in other trouble throughout his life, his other convictions became relevant evidence which the state was entitled to explore on cross-examination).

4. *Ineffective assistance of counsel.*

Fossier claims that his trial counsel was ineffective in failing to object to testimony by the victim about an act of anal sex with the defendant and in introducing

10

his criminal record as discussed above in Division 3. To prevail on these ineffectiveness claims, Fossier "must show that counsel's performance was deficient and that the deficient performance so prejudiced [him] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different." *Puckett v. State*, 342 Ga. App. 518, 525 (2) (804 SE2d 648) (2017) (citation omitted). Fossier has failed to show that his trial counsel's performance was deficient.

(a) *Victim's testimony.*

With regard to the victim's testimony about an act of anal sex, counsel testified at the motion for new trial hearing that he decided not to object to the testimony because it differed significantly from the victim's prior statements about the events and he believed such an inconsistency damaged the victim's credibility. An attorney's "decision of whether to interpose certain objections is a matter of trial strategy and tactics." *Collier v. State*, 303 Ga. App. 31, 34 (3) (692 SE2d 697) (2010) (citation and punctuation omitted). Accord *Robinson v. State*, 278 Ga. 31, 36 (3) (c) (597 SE2d 386) (2004) ("The matter of when and how to raise objections is generally a matter of trial strategy.") (citation and punctuation omitted). Here, trial "[c]ounsel's decision not to object [to the testimony was] strategic in nature, fell within the scope of

11

reasonable and professional representation, and [did] not constitute ineffective assistance." *Kilpatrick v. State*, 276 Ga. 151, 153 (2) (575 SE2d 478) (2003) (citations omitted). See also *Alexander v. State*, 348 Ga. App. 859, 869 (3) (d) (825 SE2d 405) (2019) (counsel not ineffective in attempting to bring out inconsistencies in victim's account of the events).

(b) *Criminal record.*

As for counsel introducing Fossier's criminal record during the opening statement and Fossier's direct testimony, counsel testified at the motion for new trial hearing that he did so as a matter of trial strategy. Counsel explained that because Fossier had decided to testify, counsel "believed us getting out ahead of the [s]tate's introduction of all of that in impeachment cross-examination would be helpful in building up [Fossier's] credibility in front of the jury." Counsel testified that he and Fossier had discussed his decision to testify on multiple occasions, that he had explained to Fossier the possibility of his testimony opening the door to evidence of his prior convictions, and that they had decided to introduce his criminal record before the state had a chance to do so in order "to win some candor points" with the jury.

"It is reasonable strategy for defense counsel to place disagreeable information before the jury in a manner which he can control rather than allow the subject matter to be presented in a more damaging fashion." *Wallace v. State*, 296 Ga. 388, 392 (4) (c) (768 SE2d 480) (2015) (citation and punctuation omitted). Here, "[c]ounsel, in an attempt to portray [Fossier] as a truthful man with nothing to hide, pursued the reasonable strategy of placing [his criminal record] before the jury through [Fossier's] direct testimony, rather than risk having the information extracted from him on cross-examination." *Collins v. State*, 276 Ga. 726, 728 (2) (583 SE2d 26) (2003). "The fact that [Fossier] now disagrees with his lawyer's tactical choices during opening statement [and Fossier's direct examination] does not require a finding of ineffective assistance of counsel." *Wallace*, supra. See also *Davis v. State*, 326 Ga. App. 778, 782-783 (2) (c) (757 SE2d 443) (2014) (counsel not ineffective in making strategic decision to ask defendant about his prior convictions on direct examination).

5. *Merger.*

Citing *Scott v. State*, 356 Ga. App. 152 (846 SE2d 241) (2020), Fossier argues that his four aggravated child molestation convictions should have merged into a single offense. But the instant case is materially different from *Scott*, which involved a single uninterrupted course of conduct constituting one offense of child molestation

13

under OCGA § 16-6-4 (a) (1). Id. at 160-163. Here, however, Fossier was charged with four counts of aggravated child molestation involving acts of oral sodomy under OCGA § 16-6-4 (c). That code section provides: "A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child *or involves an act of sodomy*." OCGA § 16-6-4 (c) (emphasis supplied). As recounted above, the evidence plainly showed that Fossier molested the child by committing four distinct acts of oral sodomy. Compare *Scott*, supra at 160 (no evidence to establish that the defendant molested the victim in separate acts). "Thus, under the facts of this case, each act [of sodomy] form[ed] a [separate offense] under [OCGA § 16-6-4 (c).]" *Busby v. State*, 332 Ga. App. 646, 651 (2) (b) (774 SE2d 717) (2015) (involving acts of aggravated battery under OCGA § 16-5-24 (a)). Because the four distinct acts of oral sodomy did not merge into a single offense, "we affirm the trial court's ruling." *Ray v. State*, 359 Ga. App. 637, 643 (3) (859 SE2d 793) (2021) (rejecting claim that cruelty to children counts should have merged).

*Judgment affirmed. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur*.